[No. 32497. *En Banc.* April 5, 1954.]

STEVE VOGREG *et al., Appellants,* v. SHEPARD AMBULANCE SERVICE, INC., *Respondent.*[1]

[1]Reported in 268 P. (2d) 642.

*Jacob Kalina* and *Michael S. Curtis,* for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts,* for respondent.

MALLERY, J.—This is an action tried to a jury for personal injuries sustained when the plaintiff, Eleanor T. Vogreg, fell out onto the highway while she and her husband were riding in defendant's ambulance. We shall hereinafter refer to Mrs. Vogreg as though she were the sole plaintiff and appellant.

Plaintiff appeals from a judgment of dismissal at the close of plaintiff's case, and a denial of plaintiff's motion for a new trial.

The Vogregs desired to move from the north side of Seattle to their new residence on the south side, and for that move an ambulance was necessary, Mr. Vogreg being a paralytic. The complaint alleges:

"That on or about the 24th day of June, 1951, it became necessary to *move and transfer Steve Vogreg and Eleanor T. Vogreg, his wife,* . . . *and for that purpose Eleanor*

*T. Vogreg employed the defendant to move them,* and later paid for all such services rendered." (Italics ours.)

The decisive question on this phase of the case is whether there was credible evidence to support that allegation.

Appellant's testimony was that she "just called for the ambulance," and that the price and conditions of that service were not discussed. She testified, further, that when the ambulance arrived, Mr. Vogreg was placed in it and respondent's driver and attendant helped her into it and showed her where to sit; that, after she was in the ambulance, she gave the necessary directions as to destination and, in response to the inquiry, "Who pays for this ambulance?" she replied, "I do."

The transaction had no social overtones, and if the jury believed her testimony, it was certainly entitled to find that there was an implied contract to transport both Mr. and Mrs. Vogreg.

The trial court held that appellant was a guest in respondent's ambulance, as a matter of law.

Respondent defends this ruling on the ground that the full amount of the bill rendered was for transporting the husband only, and, as no separate or extra charge was made for appellant's transportation, she was a guest or licensee, as a matter of law, under the purview of RCW 46.08.080 [*cf.* Rem. Rev. Stat., § 6360-121].

[1] The rule is that the host-guest relationship presents a factual question for the jury, unless reasonable minds can reach but one conclusion under the facts of a particular case. *Parrish v. Ash,* 32 Wn. (2d) 637, 203 P. (2d) 330; *McUne v. Fuqua,* 42 Wn. (2d) 65, 253 P. (2d) 632.

In the instant case, nothing determinative was said on this question (if the jury believed appellant's testimony) when the implied contract was made. A jury might well conclude that appellant's carriage was as much a part of that contract as her husband's. All reasonable minds would not reach the opposite conclusion.

The court erred in taking the question from the jury.

■ The trial court held that the doctrine of *res ipsa loquitur* did not apply in this case. The pertinent facts and inferences are that appellant seated herself on a jump seat beside her husband in the rear of the ambulance, which was partitioned from the front part. They traveled for some distance. She was leaning away from and not touching a rear-side door, which started to open. She screamed in alarm. Fearing that her husband would be injured, she instantly tried to close the door. She reached out and thought she grasped its handle. The door, being hinged at the rear, then swung farther open and pulled her out onto the highway. She did not hear the door rattle after it started to open.

We think this situation meets the requirements for the application of *res ipsa loquitur,* since the opening of the door, without being touched, would ordinarily not have occurred but for the negligence of respondent's agents in not closing it properly before starting or because it was defective. *Shay v. Parkhurst,* 38 Wn. (2d) 341, 229 P. (2d) 510.

■ The purpose, of course, of the doctrine of *res ipsa loquitur* is to take the case to the jury by inferring negligence without proof of it. 1 Jones on Evidence, 183, § 104a.

Respondent contends that the doctrine does not apply in the instant case, because appellant was in a safe position, was not endangered by the opening of the door, and would not have been injured but for her contributory negligence in taking hold of it.

Respondent contends that this was a known proximate cause of the injury, and that the doctrine of *res ipsa loquitur* applies only when the cause of the injury is unknown.

■■ The answer to these contentions is that appellant *thought* she was confronted with an emergency. It is ordinarily a question of fact for the jury to say whether or not an emergency exists. *Kellerher v. Porter,* 29 Wn. (2d) 650, 189 P. (2d) 223. If it is found an emergency was caused by the unexplained opening of the door, it would then be

necessary for the jury to determine whether appellant acted as a reasonable prudent person under the emergent conditions or was guilty of contributory negligence. *American Products Co. v. Villwock,* 7 Wn. (2d) 246, 109 P. (2d) 570, 132 A. L. R. 1010, and *White v. Fenner,* 16 Wn. (2d) 226, 133 P. (2d) 270. If the jury should determine that her act, by reason of an emergency, was not contributory negligence, the doctrine of *res ipsa loquitur* would excuse her from proving why the door started to open and caused the emergency.

The trial court erred in holding that the doctrine of *res ipsa loquitur* did not apply.

The judgment is reversed, and the cause remanded for a new trial.

ALL CONCUR.

May 21, 1954. Petition for rehearing denied.

'Reported in 268 P. (2d) 1017.