[No. 32974. Department One. January 7, 1955.]

JAMES F. SYMONS, *Respondent*, v. TOM VAN EVERY *et al., Appellants.*[1]

*Purvis & Sanchez,* for appellants.

*Greenwood & Shiers,* for respondent.

FINLEY, J.—This is an action for damages resulting from an alleged assault and battery. For the purposes of this opinion, it is sufficient to state that the parties to this action

[1]Reported in 278 P. (2d) 403.

resided upon adjoining pieces of property; that the Van Everys objected to what they believed were trespasses upon their property, allegedly committed by Mr. Symons in using a back entrance to his place of residence; that words were exchanged between Mr. Symons and Mr. Van Every, and a fight ensued, during which Van Every allegedly struck and injured Symons and fractured Symons' jaw in four places. The latter instituted this lawsuit, which was tried to a jury and resulted in a verdict and judgment of thirty-four hundred dollars for the plaintiff. The defendants appealed. Their two assignments of error concern (1) refusal of the trial court to grant a motion for mistrial, the motion being based upon alleged misconduct of respondent's counsel during *voir dire* examination of a juror, and (2) refusal of the trial court to give a requested instruction to the effect that an agreement to engage in *mutual combat* would prevent recovery by either party of damages for personal injury.

We shall now discuss the first above-mentioned assignment of error. During the course of the *voir dire* examination of a juror, counsel for respondent asked the following question:

"And on the other hand, the fact that if you do render a verdict in favor of one man which you think is entitled to it, the fact that someone else may have to pay, will not affect you in any way, will it?"

Appellants urge that the question inferred or suggested to the jurors that they (appellants) were insured against the type of loss or liability potentially involved in this case. They contend that the issue of insurance was thus deliberately injected into the case, and that this action by counsel for respondent constituted misconduct which necessitated a mistrial under numerous decisions of this court.

Appellants are correct that the decisional law of this state disapproves of the *deliberate introduction* of the issue of liability insurance in personal injury actions. *Jensen v. Schlenz,* 89 Wash. 268, 154 Pac. 159. However, our first inquiry is whether the words of respondent's counsel conveyed the forbidden inference. If they did not, then we need

proceed no further with our inquiry, because, obviously, appellants have not been prejudiced. The language of respondent's counsel was perhaps not too well chosen. But we think it is not at all clear that his language suggested to the jurors that appellants were insured against the liability potentially here involved. It seems more reasonable to us that the language conveyed the meaning which respondent's counsel maintains he intended—that is, that he was merely inquiring whether, if a verdict was rendered for respondent, the prospective juror would be influenced by the fact that someone other than respondent, namely, the appellants, would *have to pay* any damages awarded to respondent for injuries sustained by him in the fight. In *Jensen v. Schlenz, supra,* at p. 271, the court said:

"Counsel had a right to inquire into the business of the juror and to know whether he had any business dealings with any of the defendants, although the examination might reveal the ultimate fact that the defendant was insured. If such information comes about naturally and is an incident to a lawful inquiry, there can be no error. If it is injected in a collateral way, it is held to be harmful. The gravamen of the offense is not in the disclosure of a collateral fact, but in the manner of its disclosure, that is, the misconduct of counsel. The cases to sustain our holding are collected in *Moy Quon v. Furuya Co.,* 81 Wash. 526, 143 Pac. 99."

And in *Robbins v. Greene,* 43 Wn. (2d) 315, 320, 261 P. (2d) 83, the court said:

"Then there are a large number of borderline cases, where it is difficult to decide whether the interjection of collateral matter is inadvertent or deliberate. In such instances, the trial court must exercise its discretion in ruling on the motion. . . . We are satisfied that the court did not abuse its discretion in denying the motion for a mistrial."

Inasmuch as it is not clearly evident that counsel's question conveyed the inference that appellants were insured, we do not believe that the trial judge erred in denying the motion for a mistrial.

Appellants' second assignment of error is directed to the refusal of the trial court to give appellants' requested instruction to the effect that, where parties *consent to engage*

*in mutual combat,* neither may recover against the other for any injuries sustained therefrom. Respondent maintains that appellants' exception to the trial court's refusal to give this instruction is not sufficient to preserve error and to entitle appellants to a review of this matter here. The contention may have some merit, but we deem it unnecessary to pass upon the matter, inasmuch as the requested instruction was properly refused for another reason.

 In several cases, this court has held that it is prejudicial error for the trial court to submit to the jury an instruction embodying an issue as to which there was no substantial evidence. *Leavitt v. De Young,* 43 Wn. (2d) 701, 263 P. (2d) 592, and cases cited therein. It is an obvious corollary of the foregoing rule that it is not error for the trial court to refuse to give an instruction which embodies an issue as to which there is no substantial evidence. The only evidence in the record which would in any way tend to justify an instruction on *mutual combat* was the testimony of appellants that respondent said to Tom Van Every, "If you wasn't such an old fossil I would wipe up the ground with you." When respondent was asked if he had made such a statement, he answered, "No sir, I never did say anything like that. I went out hoping to talk reasonably to him."

Even if we assume that respondent did make the statement in question, we are convinced that it still would not constitute substantial evidence of a consent to engage in *mutual combat.* Indeed, the language allegedly used by respondent is reminiscent of the classic case wherein the statement, "Were it not assize time, I would strike you," was held not to imply a threat of assault. *Cf.* Prosser on Torts, Hornbook Series, 51. Inasmuch as the record does not reveal any substantial evidence which would have justified the trial court in submitting to the jury an instruction embodying the issue of *consent to mutual combat,* it was not error for the trial judge to refuse such an instruction.

While it is unnecessary now for us to discuss the merits of appellants' contention that consent to engage in mutual

combat is a defense to an action by either party for injuries which may be sustained, we might observe, in passing, that the contrary rule, which allows recovery in such situations, appears to us to be the wiser and the better one.

No reversible error having been brought to our attention, the judgment of the trial court should be affirmed. It is so ordered.

GRADY, C. J. and MALLERY, J., concur.

OLSON and HAMLEY, JJ., concur in the result.