[No. 33226. Department One. November 3, 1955.]

STEVE VOGREG et al., *Appellants*, v. SHEPARD AMBULANCE SERVICE, INC., *Respondent.*[1]

[1]Reported in 289 P. (2d) 350.

*Jacob Kalina* and *Michael S. Curtis*, for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Thos. J. O'Leary*, for respondent.

WEAVER, J.—This is an action for damages for personal injuries. A jury returned a verdict for defendant. Plaintiffs appeal from a judgment of dismissal, assigning error to three instructions given and to the trial court's refusal to give two requested instructions.

Mrs. Vogreg ordered an ambulance from defendant to transport her husband, a paralytic, to their new residence. Mr. Vogreg was placed on the left-hand side of the rear compartment. Defendant's attendants helped Mrs. Vogreg into the ambulance. She was seated next to her husband's stretcher.

In the course of the journey, Mrs. Vogreg felt a "little jar," and the door next to her, on the right side of the ambu-

lance, opened. She screamed, reached over to shut the door, and fell or was pulled out of the ambulance.

In the prior trial of this cause, the trial court held, as a matter of law, (a) that Mrs. Vogreg was a guest in defendant's ambulance, and (b) that the doctrine of *res ipsa loquitur* did not apply to the facts, so that the permissible inferences which would be raised by it were not present to carry the case to the jury. On appeal, the judgment of dismissal, entered at the close of plaintiffs' case, was reversed. This court held that the question of the existence of the host-guest relationship was one of fact for the jury; that the doctrine of *res ipsa loquitur* applied to this situation and was sufficient to take the case to the jury. More detailed facts appear in our former opinion. *Vogreg v. Shepard Ambulance Service,* 44 Wn. (2d) 528, 268 P. (2d) 642 (1954).

On retrial, substantially the same facts were established. Consequently, the trial court instructed as follows:

"Instruction No. 10. You are instructed that when an instrumentality is shown to be under the exclusive control and management of an owner, or his servant, and an accident occurs which does not ordinarily happen if those who have the control and management use proper care, then you are entitled, in the absence of explanation, to infer that the accident arose from the want of such care.

"If, therefore, you find that the side door of the ambulance was under the exclusive control of the defendant, or its employees, and that such doors do not ordinarily fly open unless improperly *maintained or closed,* and if you further find that the plaintiff wife did not touch said door nor otherwise cause it to open, then, in the absence of explanation, you are at liberty to infer (but are not required to do so) *that the defendant was negligent with respect to closing the door before starting the act of transportation.*

"You are further admonished that this instruction does not apply unless you find that neither of the plaintiffs touched said door after getting in the ambulance and before it came open in transit." (Italics ours.)

Plaintiffs took no exception to this instruction. In fact, while stating his exceptions to the instructions, plaintiffs' counsel stated:

"I feel that the instruction which the Court gave on res ipsa loquitur covers res ipsa loquitur very well, but the phraseology of these instructions [plaintiffs' requested instructions Nos. 3 and 4] perhaps make it clearer to the jury."

■ Thus, instruction No. 10, as quoted *supra,* becomes the law of the case.

Plaintiffs argue their first two assignments of error, directed to instructions Nos. 3 and 8, by posing the question:

"Does the doctrine of *res ipsa loquitur* apply only to such negligence as specifically alleged?"

■ No special witchcraft is invoked by murmuring the Latin phrase, *res ipsa loquitur.* It does not cause the rules of pleading and practice to take flight. It does not remove the necessity of proof from a lawsuit. It adds nothing which is not already there.

It is not as meaningful to state "the thing speaks for itself," as it is to ask "What does it say?" A case in which the doctrine of *res ipsa loquitur* is applicable is a circumstantial-evidence case. In it, the jury is *permitted to infer* negligence from an accident which ordinarily would not have occurred unless someone was negligent. The jury may make the inference of negligence or it may refuse to do so.

In *Kemalyan v. Henderson,* 45 Wn. (2d) 693, 706, 277 P. (2d) 372 (1954), this court pointed out that on a number of occasions it has held that a plaintiff can allege and attempt to prove specific acts of negligence on the part of a defendant and still rely on *res ipsa loquitur.* The court said:

"This rule is subject to the qualification (already mentioned) that if plaintiff's evidence goes so far as to *fully* explain the cause or causes of the accident which injured him, he loses the right to rely on *res ipsa,* but an unsuccessful attempt to prove specific acts of negligence on the part of defendant does not deprive plaintiff of his right to rely on *res ipsa.*"

Dean Prosser illustrates this point by the following:

"When the plaintiff shows that he was on the defendant's train and the train was derailed, there is an inference that the defendant has been negligent, and a res ipsa case. When

he goes further and shows that the derailment was caused by an open switch, he destroys any inference that it was due to excessive speed or defective track; but the inference that the defendant has not used due care in looking after its switches is not destroyed, but considerably strengthened. To say that res ipsa loquitur does not apply is to say that the weaker inference may be drawn but the stronger may not. If the plaintiff goes still further and shows that the switchman was drunk and left the switch open, there is nothing left to infer, and the plaintiff must stand or fall on his specific proof. If he shows that the switch was thrown by an escaped convict with a grudge against the railroad, he has proved himself out of court." 37 Cal. L. Rev. 213.

■ Due to the nature of this case, plaintiffs' specific allegations and proof of negligence (although the jury might have found them sufficient to establish defendant's liability) do not prevent the application of *res ipsa loquitur*. If the doctrine applies, as we held it did on the prior appeal, the plaintiffs are not to be penalized by an honest, but perhaps unsuccessful, effort to put in evidence whatever inadequate information they have concerning the happening.

■ The specific allegations limit *res ipsa loquitur* to the inferences to be drawn in support of the specific pleading, just as specific allegations limit inferences to be drawn from other circumstantial evidence. However, if the specific allegations of negligence are accompanied by a general allegation of negligence, then *res ipsa loquitur* may be applied without limitation in support of the general pleading.

The preceding is nothing more than an expansion of the rules (a) that a defendant is entitled to be advised, by the pleadings, of the issues he must be prepared to meet at the trial; and that (b) the jury will be instructed only upon the law applicable to the issues presented by the pleadings supported by evidence.

Paragraph VI of plaintiffs' complaint alleged:

"That the defendant operated said ambulance in a reckless, careless and negligent manner; that he failed to properly safeguard the plaintiffs while being so transferred in said ambulance, that he failed and neglected to follow the usages and customs herein above stated in not providing an attendant in said ambulance; failed and neglected to securely

and safely lock the doors of said ambulance, and defendant further drove said ambulance in a reckless and careless manner so that the same jarred and rocked, permitting the doors to be thrown wide open so that the plaintiff Eleanor T. Vogreg was thrown from said swift moving ambulance upon the ground with great force and violence and was thereby severely injured . . ."

Paragraph VII of the complaint continued:

"That the negligence of the defendant consisted:

"1) In driving the ambulance in a manner that the same jumped, jerked and caused the opening of the side door.

"2) In not having the door securely fastened before the ambulance was started on its journey.

"3) In permitting the attendant and the driver to occupy the driver's seat of the ambulance, whereas the attendant should have remained in the ambulance with both passengers."

At the close of plaintiffs' evidence, counsel stated that plaintiffs withdrew from their theory of the case the allegations of paragraph VII (1) and (3) (manner of driving the ambulance and the necessity of an attendant riding with the passengers) and stood upon the allegations of paragraph VI and subdivision (2) of paragraph VII, together with the doctrine of *res ipsa loquitur*.

It is apparent that only specific allegations of negligence are set forth. The evidence in support of them, if believed by the jury and devoid of contributory negligence, is sufficient to establish that the ambulance door swung open, thus creating a situation from which the jury could infer that the accident would not have occurred had the defendants not been negligent within the scope of the pleaded facts. If there are no general allegations of negligence, *res ipsa loquitur* may be applied only to the extent that it will support the allegations of the pleadings.

■ It is upon this theory that the trial court gave instruction No. 10, quoted *supra,* on the applicability of *res ipsa loquitur.* The refusal of plaintiffs' proposed instructions Nos. 3 and 4 was not error, for they did not correctly state the doctrine of *res ipsa loquitur* as it is applicable to the pleadings and proof of the instant case.

■ Just as the allegations and proof of specific acts of negligence may not foreclose plaintiffs' right to an instruction based upon the doctrine of *res ipsa loquitur* in a proper case, so a *res ipsa loquitur* instruction does not foreclose the right to instruct upon the specific acts of negligence "in the manner charged in the complaint" to the extent that they may be supported by the evidence.

■ When instructions Nos. 3, 8, and 9, to which plaintiffs assign error, are read with instruction No. 10 (the *res ipsa loquitur* instruction to which plaintiffs did not direct our attention), the picture is complete, and we cannot say that the questioned instructions were erroneous in the light of the pleadings and proof.

■ Plaintiffs urge that they were entitled to an instruction based upon the possibility that the ambulance door was defective, because that possibility was suggested in our former opinion. We do not reach the question, for none of plaintiffs' assignments of error direct our attention to a requested instruction based upon this suggested theory.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.