[No. 33311. Department Two. February 2, 1956.]

EMIL HEGGELUND, *Appellant,* v. THORMOD NORDBY, *Respondent.*[1]

[1] Reported in 292 P. (2d) 1057.

*Frederick B. Cohen* and *John E. Bowen*, for appellant.

*Merrill Wallace*, for respondent.

MALLERY, J.—On November 1, 1953, plaintiff, Emil Heggelund, was riding in the front seat of an automobile owned and operated by defendant, Thormod Nordby. They were accompanied by defendant's brother John, who was the partner of plaintiff in a commercial fishing venture.

The partners were going to inspect some fishing gear for sale at Anderson Landing on Hoods Canal. The defendant was not familiar with the road. At the top of Breedman hill between Silverdale and Seabeck, he stopped to look at the road, which was wet and covered with leaves, and had a twenty-one per cent grade with a ninety degree left-hand turn at the the bottom. He decided to proceed and started down the hill in low gear, then shifted to intermediate, and finally to high. As he approached the bottom of the hill, he saw the curve for the first time and feared he would run into a near-by house if he tried to stay on the road. He elected to drive off the road into a stump as a means of stopping the car. The collision resulted in the injuries for which plaintiff brought this action.

The cause was tried to a jury, which returned a verdict for defendant. The plaintiff appeals.

The appellant had two theories by which he hoped to prove the nonapplicability of the host-guest statute. (RCW 46.08.080 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6360-121.].) The first was that respondent was an *employee* of the fishing partnership. The complaint alleged that, at the time of the accident, respondent was driving the car in the course of his employment, for which the partnership was going to pay him. The evidence in support of this theory showed that respondent had performed certain labor on the partnership fishing boat. There was, however, conflicting evidence as to whether or not respondent expected to be paid, which made the question of employment an issue of fact for the jury.

The second theory upon which appellant relied was that the jury should have the right to infer that respondent's *motive* in supplying the transportation for appellant constituted a legally sufficient payment to make the host-guest statute inapplicable, even though it should find that appellant was not employed by the partnership. The *motive* in question arose out of the following circumstances: At all times pertinent herein, respondent's brother John was without funds of his own, lived gratuitously with respondent, and borrowed small sums for personal expenses from him from time to time. John had entered into a partnership with appellant for the purchase of a boat, which was to be operated in the fishing venture. Appellant had supplied most of the money, and John was to perform labor for the greater part of his share of the partnership.

On cross-examination, respondent conceded that his labor on the boat and the transportation in question were motivated by a desire to make the fishing venture a success, so that his brother could pay the debts mentioned.

As to appellant's first theory, the court gave instruction No. 6, which correctly defined the relationship of employer and employee in general, and instruction No. 5, which correctly defined *payment* for transportation in particular.

Appellant contends that instruction No. 6 defined the employer-employee relationship too narrowly, because

" . . . the burden of the appellant was only to show by the preponderance of the evidence that his relationship to the respondent was not purely for gratuitous transportation beneficial only to the appellant, and it would have been sufficient to establish the relationship of an independent contractor or some other similar relationship."

This assignment is without merit. There is no evidence in the record relating to independent contractors or similar relationships. Appellant's pleadings and evidence were directed to the existence of an employer-employee relationship only. Payments to the employee for the performance of his duties, which included the transportation in question, would, of course, make the host-guest statute inapplicable, and the jury was so instructed. Appellant had no right to an instruction as to theories upon which there was no evidence. *Symons v. Van Every,* 46 Wn. (2d) 101, 278 P. (2d) 403.

As to appellant's second theory, he contends the court erred in giving instruction No. 10, which required the jury to find that respondent was an employee, in order to return a verdict for appellant. He thinks an instruction should have permitted the jury to find that respondent's admitted *motive* for furnishing the transportation constituted payment under the host-guest statute.

We find no merit in this contention. Any expectation of respondent that he would be paid in money for the transportation, was adequately treated in instruction No. 5. The payment for board and room and the repayment of loans, which were in no way related to the transportation, could not constitute payment, as a matter of law. The trial court was correct in refusing to submit appellant's motive theory to the jury.

Appellant contends the court erred in giving instruction No. 12, which defined the care to be used in sudden emergencies. His theory is that, as a matter of law, there was no emergency, or, if there was, it was created by respondent's negligence.

Respondent was unacquainted with the road. It was wet and covered with leaves. He could not see the curve

from the top of the hill. Under the circumstances in this case, both negligence and the existence of an emergency were questions for the jury. *Vogreg v. Shepard Ambulance Service,* 44 Wn. (2d) 528, 268 P. (2d) 642; *Blancher v. Bank of California,* 47 Wn. (2d) 1, 286 P. (2d) 92.

Appellant assigns as error the court's failure to give the following requested instruction:

"The law of the State of Washington requires that every motor vehicle having brakes on all wheels shall be capable at all times and under all conditions of being stopped on a dry, smooth, level road free from loose material, upon application of the service or foot brake within the distance of thirty feet from the speed of twenty miles per hour.

"If you find that the defendant's vehicle was not capable of being stopped on a dry, smooth, level road free from loose material by the application of the foot or service brakes within the above described distance while traveling at the rate of twenty miles per hour, you must find that the brakes of his vehicle were defective."

There was no evidence as to the condition of respondent's brakes. The conditions to which the proposed instruction relates are wholly dissimilar to those prevailing in this case. Instructions must be relevant to the evidence in a case. *Symons v. Van Every, supra.* It was not error to refuse the instruction.

Appellant contends the court erred in refusing his requested instruction on what constitutes a "passenger for compensation." The court gave an adequate instruction on this point. Appellant says it was erroneous, because it did not set out the exception to the applicability of the host-guest statute when an accident is intentional.

The assignment is without merit. The instruction given set out the statute verbatim, including the exception in question.

Appellant's first three assignments of error are directed to the court's denial of his motions to instruct the jury in certain particulars. They will not be considered. Error can not be predicated upon oral motions to give in-

structions. See Rule of the Superior Court 13, 34A Wn. (2d) 115.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.