[No. 37136. Department One. January 23, 1964.]

ELMA J. BOLANDER, *Individually and as Administratrix, Appellant*, v. NORTHERN PACIFIC RAILWAY CO., *et al., Respondents.**

*Reported in 388 P. (2d) 729.

*Robinson, Landerholm, Memovich & Lansverk*, for appellant.

*Dean H. Eastman* and *Robert J. Allerdice*, for respondent Northern Pacific Railway Company.

*Donald Simpson*, for respondent Timken Roller Bearing Company.

HUNTER, J.—Elma J. Bolander, plaintiff (appellant), a resident of Vancouver, Washington, was a passenger on a westbound train of the Northern Pacific Railway Company, a corporation, when it was derailed about 40 miles west of Fargo, North Dakota, on February 21, 1961. She sustained personal injuries and subsequently brought this action, in her individual capacity and as administrator of her husband's estate, against the Northern Pacific Railway, defendant (respondent). She also joined the Timken Roller Bearing Company, a corporation, as a party defendant.

At the close of the plaintiff's case, in a jury trial, the defendant railway and the defendant Timken Roller Bearing Company challenged the sufficiency of the evidence, and the trial court entered a judgment dismissing both defendants with prejudice, from which the plaintiff appeals.

The plaintiff, in support of her assignment of error to the dismissal of the defendant railway, relies on the doctrine of res ipsa loquitur. The instant case is a typical situation for the application of the doctrine. The plaintiff

through no fault of her own, received injuries resulting from a derailment while a passenger on a railroad common carrier. The rule was well stated in *Williams v. Spokane Falls & Northern R. Co.*, 39 Wash. 77, 80 Pac. 1100 (1905):

" . . . and the doctrine is almost universally announced that the fact that an injury results from a railroad collision without any fault of the passenger is *prima facie* evidence of carelessness, negligence, or want of skill on the part of the company, and the burden is upon it to prove that the accident was not occasioned by the fault of its agents. . . ."

In this case the evidence, when viewed most favorably to the plaintiff, shows the following: The bearings on the fifth wheels of car No. NP1636 became seized or frozen before the derailment. The wheels slid for sufficient time to wear "slid-flat" 8½ inches on the tread and ⅝ inches deep. The flanges on the wheels originally extended to a height of 1 inch. When the flanges, by reason of the wear of the wheel tread, reach a length of 1½ inches, the wheel is subject to be condemned by the railroad, because the flange is then extended below the top of the rail so that it is likely to strike track equipment resulting in abnormal shock, stress and strain to the wheel bearings. In the instant case, the flange was 1/16 inch over condemning limits on each wheel. The wheels had been operating in this condition for a substantial length of time as the wheel tread wears off only 1/16 of an inch every 16 to 20 thousand miles. The wheels had been inspected at St. Paul, Minnesota, a distance of approximately 250 miles. A reasonable inference could be drawn by the jury that the railroad agent either knew, or should have known, that the flanges on the wheels in question were over condemning limits at the time of the inspection, and that the abnormal strain placed upon the bearings by reason of the flanges striking obstructions alongside the inner rail had continued for such a period of time that they might crystalize, causing them to seize and ultimately result in the train's derailment.

In *D'Amico v. Conguista*, 24 Wn. (2d) 674, 167 P. (2d) 157 (1946), we quoted the following:

" 'Proof of regular inspection of the machine still leaves the question of negligence one for the jury. *Lane v. Spokane Falls & Northern Railway Co.*, 21 Wash. 119, 57 Pac. 367, 75 Am. St. 821, 46 L.R.A. 153. The presumption is overcome as a matter of law only when the explanation shows, without dispute, the happening was due to a cause not chargeable to defendant's negligence. *Scarpelli v. Washington Water Power Co.*, 63 Wash. 18, 114 Pac. 870.' "

■ We cannot say under the evidence introduced by the plaintiff in this case that the inference of the railroad's negligence was overcome. Whether or not the railroad was negligent is a question for the jury. Simply because the plaintiff has attempted to prove negligence, her right to rely on res ipsa loquitur, however, is not taken away. She may rely both on res ipsa loquitur and on claimed act or acts of negligence in support of her right to recover. *Vogreg v. Shepard Ambulance Ser.*, 47 Wn. (2d) 659, 289 P. (2d) 350 (1955); *Kemalyan v. Henderson*, 45 Wn. (2d) 693, 277 P. (2d) 372 (1954); *Morner v. Union Pac. R. Co.*, 31 Wn. (2d) 282, 196 P. (2d) 744 (1948).

The railway argues, however, that it was not liable for negligence since the plaintiff had not proved her status on the train at the time of the collision. This argument is unworthy of consideration since the railway, by its answer, expressly admitted the plaintiff's status on the train was that of a passenger.

The railway further argues that the plaintiff was not a paying passenger and that she was traveling on a pass with conditions that the user waived any claim of liability against the railway resulting from its negligence. We do not consider the possible legal implications as to the rights of the plaintiff and the defendant railway under these circumstances, since the purported pass and conditions appearing thereon were not introduced in evidence for the consideration of the trial court or for this court on appeal.

The plaintiff further contends the trial court erred in dismissing its action against the defendant, Timken Roller Bearing Company.

The plaintiff introduced expert testimony to show that the fatigue life was less than the wear life of the bearings,

and that the seizure resulted from metal fatigue; that this was an inherently dangerous condition known only to or which should have been known only to the Timken Roller Bearing Company.

■ The plaintiff contends that she is entitled to rely on the doctrine of res ipsa loquitur. This contention is without merit. The record clearly shows that use and maintenance of the bearings affects the fatigue life of the metal. An inference of negligence cannot be created against Timken under res ipsa loquitur, since the bearings were not under the exclusive control of the defendant Timken. *Morner v. Union Pac. R. Co.*, 31 Wn. (2d) 282, 196 P. (2d) 744 (1948).

Plaintiff contends that Timken's conduct amounted to a breach of implied warranty of fitness, and the plaintiff is entitled to recover for damages under the exception to the privity rule as set forth in *Baxter v. Ford Motor Co.*, 168 Wash. 456, 12 P. (2d) 409, 88 A.L.R. 1003 (1932).

■ The record shows that the bearings and parts had been manufactured at different times; that some of the parts had been manufactured in 1948, some in 1950, and others in 1951; and that some parts had been replaced and the wheel assembly rebuilt in 1959. From the time of the rebuilding in 1959 until the date of the accident, the wheels had traveled about 136,000 miles. The bearings in question were under the continuous control of one or more railroads and completely beyond the control of Timken under conditions and circumstances that require constant checks and maintenance. From this evidence introduced by the plaintiff it would be speculative to conclude that the seizure of the bearings was proximately caused by Timken's negligence. The trial court properly dismissed the plaintiff's action against the defendant Timken.

■ The plaintiff finally argues that the trial court erred in dismissing the Timken Company with prejudice. The affirmative showing in the plaintiff's evidence of Timken's nonliability to the plaintiff justified the dismissal with prejudice.

In view of our disposition of this appeal, it is not necessary to discuss the other contentions raised by the plaintiff.

The judgment of the trial court is reversed as to the dismissal of the defendant railway, and the cause is remanded for a new trial as against this defendant.

The judgment of dismissal of the defendant Timken Roller Bearing Company with prejudice is affirmed.

Costs will abide the final determination of the cause as to the plaintiff and the defendant railway. Timken will be allowed its costs on this appeal.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.

