[No. 41932.    Department Two.    November 11, 1971.]

JAMES E. COWAN, *Appellant,* v. THOMAS O. JENSEN *et al.,*
*Respondents.*

*Levinson & Friedman,* by *Ronald J. Bland,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Betts* and *R. L. Gemson,* for respondents.

WRIGHT, J.—On September 29, 1967, at approximately 7:45 a.m., the freeway through Seattle (Interstate 5) was busy, as is usual at that time on weekdays. Near the Seneca Street off ramp, traffic in the northbound lanes was congested.

Appellant Cowan, driving car number 1, brought his car to a complete stop due to traffic conditions. Cars numbers 2 and 3 also stopped safely. All three cars were in the center northbound lane of Interstate 5.

Respondent Jensen did not stop, but hit car number 3 and started a chain reaction which finally forced car number 2 against car number 1, plaintiff's car. Visibility was clear and defendant's only excuse was that he did not see the stop lights of car number 3, although the driver of car number 3 testified her stop lights worked both before and after the accident.

After the accident, all of the vehicles could be driven from the scene. The damage to plaintiff Cowan's car was a dent in the bumper. Plaintiff not only drove his automobile away from the scene but also drove it for 9 months thereafter without any repairs whatsoever and when purchasing a new automobile, he traded in the subject car.

In this action plaintiff seeks damages for depreciation of the market value of his automobile and damages for personal injuries. In addition to general damages, he alleged special damages consisting of medical bills ($290.50), time loss ($550) and damages to the automobile ($100); a total of $940.50.

846

At the close of the evidence, plaintiff moved for a directed verdict upon the issue of liability. This motion was denied and the matters of liability and damages were submitted to the jury. Thereafter, plaintiff moved for a new trial and for a judgment notwithstanding the verdict, both of which motions were denied. This appeal followed.

Plaintiff alleges the trial court committed four errors. (1) Failure to direct a verdict on liability, (2) failure to grant a new trial due to inadequate damages, (3) improper comment on the evidence, and (4) admission of evidence that another driver in another car was not injured in the accident.

■ The jury returned a verdict in favor of plaintiff and, therefore, plaintiff suffered no harm by the failure of the court to direct a verdict on the issue of liability.

■ Plaintiff next contends he should have been granted a new trial because of inadequate damages. The verdict was in favor of plaintiff for $750. Although plaintiff introduced evidence of special damages which was not contradicted, neither were those items admitted. The amount of damage to the automobile was claimed to be $100. That figure was testified to by plaintiff only. While an owner is a competent witness to testify as to values (*Cunningham v. Town of Tieton*, 60 Wn.2d 434, 374 P.2d 375 (1962)), he is likewise an interested witness and the weight of all testimony is for the jury. Certainly the jury could consider not only the interest of plaintiff but also the facts. Plaintiff's estimate of damages to his vehicle was not corroborated and the jury was not bound thereby.

The medical bills of $290.50 were admitted without objection, but were not stipulated to by defendants. The only stipulation was that it was unnecessary to have witnesses present to testify as to the necessity for the various items of medical treatment or as to the reasonableness of the bills.

The item of time loss was questioned by defendants. The evidence showed plaintiff had been employed in every pay

period from the date of the accident to the date of the trial. The figure given by plaintiff was an estimate.

The amount of damages was a matter within the discretion of the jury. Neither the trial court nor any appellate court should substitute its judgment for that of the jury as to the amount of damages. *Anderson v. Dalton,* 40 Wn.2d 894, 246 P.2d 853, 35 A.L.R.2d 302 (1952); *Martin v. Foss Launch & Tug Co.,* 59 Wn.2d 302, 367 P.2d 981 (1962).

Upon the issue of the so-called "uncontradicted" evidence we said in *Nearhoff v. Rucker,* 156 Wash. 621, 626, 287 P. 658 (1930),

[a]ppellants assert that this evidence is undisputed and therefore controlling. The jury was not bound by it as uncontradicted evidence, nevertheless. As interested testimony, the jury could reject it, draw inferences from all the existing circumstances, and accept other evidence even though interested. The weight and credibility of the testimony of the parties, whether interested or not, were for the jury to determine. The jury found against appellants.

The granting of a new trial on the grounds of inadequate damages is peculiarly within the discretion of the trial court. We will not reverse the refusal to grant a new trial on such ground except for a manifest abuse of discretion. *Mullin v. Builders Dev. & Fin. Serv., Inc.,* 62 Wn.2d 202, 381 P.2d 970 (1963); *Lipshay v. Barr,* 54 Wn.2d 257, 339 P.2d 471 (1959). We find no such abuse.

With reference to the claim of an improper comment on the evidence, the record does not support appellant's contention. The trial judge made necessary rulings on objections and explained the reasons for such rulings.

Dr. Lawrence Knopp was a medical witness for plaintiff and had testified that in his opinion the plaintiff would need future surgery on his neck as a result of the accident. After he had so stated, questions were asked about how long it would take to recover from the operation and an objection was sustained. Next the physician was asked to rate the extent of plaintiff's disability, and stated it was, ". . . about ten per cent." Several questions were ob-

jected to and the objections were sustained. No error is assigned to the correctness of those rulings.

Plaintiff's counsel asked, "What effect will future surgery have on the nature and extent of the patient's permanent disability?" Defendant's counsel started to object and before he had fully stated the objection, the court said, "That is remote. I sustain the objection."

It must be remembered this came as a part of a series of questions and objections. The nature of the objection to be made was obvious. Although the court was a trifle premature in ruling upon an objection which was obviously coming, that type of thing often occurs in a trial, and while it is not desirable, it is not a comment on the evidence and is not error.

Finally, the appellant contends that the trial court erred in admitting evidence given on cross-examination indicating that an occupant in one of the other vehicles involved in the collision was not injured. The court had earlier refused to let into evidence similar testimony by the driver of another car involved in the collision who was being examined on direct by the appellant. Appellant at no time moved to strike the testimony in question, nor did he submit a written curative instruction although the court asked for a proposed written instruction. Error cannot be based on an oral motion to give instructions. *Heggelund v. Nordby*, 48 Wn.2d 259, 292 P.2d 1057 (1956).

Having carefully examined all of appellant's assignments of error, we find no error. The judgment appealed from is affirmed.

HAMILTON, C.J., ROSELLINI, HALE, and SHARP, JJ., concur.

Petition for rehearing denied December 3, 1971.