[No. 11176-8-III. Division Three. July 7, 1992.]

LAURIE MILLER, *Appellant,* v. MICHAEL L. YATES, ET AL, *Respondents.*

---

*Jeff B. Crollard* of *Evergreen Legal Services,* for appellant.

*Michael L. Yates,* pro se.

SWEENEY, J. — Laurie Miller sued her landlords, Michael and Sharon Yates, for damages and injunctive relief alleging assault and battery, infliction of emotional distress, trespass and unlawful eviction under the Residential Landlord-Tenant Act of 1973. An arbitrator awarded her $4,802.24 and attorney fees and costs of $6,266.66. The Yateses were awarded $5,150 on their counterclaim based on intentional

waste to the premises and $150 in attorney fees. The Yateses requested a trial de novo. A jury awarded Ms. Miller $12,000 and the Yateses $50. The Yateses moved for a new trial on the basis the damage award was the result of passion or prejudice. The court entered an order granting a new trial on the issue of damages after the parties refused to accept conditions proposed by the court for entry of judgment on the verdict. Ms. Miller appeals. We reverse the court's order granting a new trial and remand for recalculation of Ms. Miller's award of attorney fees.

FACTUAL BACKGROUND

In September 1986, Ms. Miller rented a 3-bedroom home in Yakima from the Yateses. She paid a $150 security deposit and the rent for September and October. Ms. Miller refused to pay the November rent because she claimed the Yateses failed to provide a kitchen stove they had orally promised at the beginning of the tenancy.

On November 4, the Yateses served an eviction notice requiring Ms. Miller to vacate the home by November 8. On November 7, the Yateses entered the home, without a court order, and began removing Ms. Miller's possessions. Ms. Miller was not at home at the time. Her car was pushed into a fence. Ms. Miller returned while the Yateses were removing her property. An argument ensued during which Mr. Yates shoved Ms. Miller to the ground and stood over her with a metal baseball bat. Police were called; they warned the Yateses to consult an attorney rather than proceed with the eviction. The Yateses continued removing Ms. Miller's possessions from the home and gave her until midnight to move her belongings.

Following an arbitrator's award in favor of Ms. Miller, the Yateses requested a trial de novo. At trial, Ms. Miller denied damaging the residence. Two of her friends testified the house was not damaged. Dr. Fred Montgomery, a psychiatrist, testified that as a result of the eviction, Ms. Miller suffers chronic posttraumatic stress disorder. The Yateses claimed Ms. Miller caused extensive damage to the house by

removing interior brick, tearing wallpaper, and ripping out plumbing. They did not introduce pictures of the damage. Nor did they present an estimate for the cost of repairing the damage other than their own testimony.

The jury awarded Ms. Miller $1,000 for the unlawful eviction and $11,000 for the assault. The Yateses were awarded $50 on their counterclaim for intentional waste. Ms. Miller moved for judgment on the verdict, costs and attorney fees. The Yateses moved for a new trial on the issue of damages, arguing the jury's award was the result of passion or prejudice.

The court upheld the $12,000 verdict in favor of Ms. Miller, but stated the jury "went amiss" by not following the "absolute uncontested testimony" regarding Ms. Miller's destruction of the interior of the Yateses' home. The court took judicial notice, based on unidentified newspapers and federal publications, that real estate values increased 2 percent annually in Yakima during the period in issue. The court calculated the Yateses' "absolute minimum damage" to be $2,407. Because the jury found intentional waste, the court trebled the amount of the Yateses' damages to $7,221. The court awarded the Yateses, who appeared pro se at trial, an additional $2,000 for their loss of income during trial.

The court awarded Ms. Miller attorney fees of $6,700 for both the arbitration and the trial, notwithstanding a request supported by affidavits for fees of $28,044.50. On its own motion, the court ruled it erroneously instructed the jury on Ms. Miller's claim for damages for severe emotional distress. The court entered a conditional order for a new trial. Ms. Miller advised the court the alternative judgment was not acceptable. The court ordered a new trial. This appeal follows.

## ISSUES

The issues presented are whether the court erred (1) by ordering a new trial, (2) by erroneously instructing the jury on the issue of severe emotional distress, (3) in its award of

attorney fees, and (4) in taking judicial notice of increases in real estate values.

## ORDER FOR NEW TRIAL

Ms. Miller contends the court erred in granting a new trial on the issue of damages. She argues there was sufficient credible evidence to support the jury's verdict. She further asserts the trial court substituted its views for those of the jury.

If, on a motion for a new trial, the court finds the damages awarded by a jury so excessive as to indicate that it must have been the result of passion or prejudice, the court may order a new trial or make an order for a new trial unless the party adversely affected consents to a reduction of the verdict. *Jacobs v. Calvary Cemetery & Mausoleum*, 53 Wn. App. 45, 49, 765 P.2d 334 (1988), *review denied*, 112 Wn.2d 1015 (1989); RCW 4.76.030; CR 59(a)(5). As stated by the court in *Jacobs*, at 49 (quoting *Bingaman v. Grays Harbor Comm'ty Hosp.*, 103 Wn.2d 831, 836, 699 P.2d 1230 (1985)): "Before passion or prejudice can justify reduction of a jury verdict, it must be of such manifest clarity as to make it unmistakable."

"Neither the trial court nor any appellate court should substitute its judgment for that of the jury as to the amount of damages.' " *Rasor v. Retail Credit Co.*, 87 Wn.2d 516, 531, 554 P.2d 1041 (1976) (quoting *Cowan v. Jensen*, 79 Wn.2d 844, 847, 490 P.2d 436 (1971)). The jury is the appropriate assessor of damages, and its determination should be overturned only in the most extraordinary circumstances. *Hoglund v. Raymark Indus., Inc.*, 50 Wn. App. 360, 373, 749 P.2d 164 (1987), *review denied*, 110 Wn.2d 1008 (1988); *Alger v. Mukilteo*, 107 Wn.2d 541, 551, 730 P.2d 1333 (1987).

Our review of the record does not support a finding that the jury's verdict was influenced by passion or prejudice; there is ample evidence to support the award. There is evidence, which if believed by the jury, would support a finding that Ms. Miller was illegally evicted from her home

and assaulted. There is no evidence the jury was prejudiced against the Yateses or incited by passion to regard their case unfairly. *Jacobs*, at 49. The award is not shocking. *Rasor*, at 531. The court erred in granting a new trial on the basis the verdict was excessive and the result of passion or prejudice.

## JURY INSTRUCTIONS

Ms. Miller also contends the trial court erred by granting a new trial, on its own motion, based on a jury instruction which the Yateses did not challenge. She asserts the court did not have the authority to grant a new trial. *Pritchett v. Seattle*, 53 Wn.2d 521, 526, 335 P.2d 31 (1959).

An error of law made by a court in the course of a trial may be a basis for a new trial when the error is shown to be prejudicial to the rights of the defeated party. CR 59(a)(8); 14 L. Orland & K. Tegland, Wash. Prac., *Trial Practice* § 333 (4th ed. 1986).

Here, the Yateses did not object to the giving of the instruction. Nor have they shown the instruction was prejudicial and deprived them of a fair trial. Therefore, it was error for the court to grant a new trial on the basis of the jury instruction.

## ATTORNEY FEES

Ms. Miller contends she is entitled to attorney fees incurred during the arbitration, pursuant to the Residential Landlord-Tenant Act of 1973, RCW 59.18, and to attorney fees incurred at trial. RCW 7.06.060; MAR 7.3. She submitted an affidavit to the trial court for attorney fees of $28,044.50.

The court awarded Ms. Miller a total of $6,700 for fees incurred in both the arbitration and trial. It reasoned that the "gist" of Ms. Miller's claim was a $10,000 to $20,000 tort action and an attorney would customarily receive a one-third contingency fee. The court calculated 6 days of trial multiplied by $750 per day. The court added $2,200 because of what it described as some "extraordinarily complicated issues".

Reasonable attorney fees are defined as

an amount to be determined including the following factors: The time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, the fee customarily charged in the locality for similar legal services, the amount involved and the results obtained, and the experience, reputation and ability of the lawyer or lawyers performing the services.

RCW 59.18.030(9).

■ The record does not reflect that the court considered the statutory factors enumerated in RCW 59.18.030(9). Therefore, we remand the matter for recalculation of reasonable attorney fees for preparation and trial of the superior court action in light of the RCW 59.18.030(9) factors. Ms. Miller is entitled to the attorney fees and costs awarded at the arbitration in the sum of $6,266.66. Ms. Miller is also awarded her attorney fees and costs on appeal.

Finally, since we find the decision to grant a new trial on the issue of damages was error, we do not address whether the court erred in taking judicial notice of a 2 percent increase in real estate values.

The order for a new trial on the issue of damages is reversed. The jury's verdict is reinstated. The matter is remanded for recalculation of Ms. Miller's attorney fees award.

SHIELDS, C.J., and THOMPSON, J., concur.