FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2019 FEB -5 AM II: 54

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STANLEY SALTZBERG and  ) No. 77177-9-I
DONNA SALTZBERG, husband and  )
wife, and the marital community  )
composed thereof,  )
           )
        Appellants,  )
           )
        v.  )
           )
CHUCKANUT CAPITAL, LLC, a  ) UNPUBLISHED OPINION
Washington limited liability corporation,  )
           ) FILED: February 5, 2019
        Respondent.  )
_____ )

VERELLEN, J. — If the plaintiff in a common law premises liability claim seeks to admit evidence of the premises owner's knowledge that it was not in compliance with a city ordinance requiring a permit and imposing a 12-inch setback for placing perimeter landscape bricks adjacent to the public sidewalk, the trial court does not abuse its discretion in allowing the owner to present evidence on the same topic.

If the plaintiff seeks to limit the owner from arguing its ignorance of the ordinance, the trial court does not abuse its discretion in requiring the plaintiff to submit a proposed jury instruction on that topic.

And if the plaintiff orally requests an "ignorance of the law is no excuse" instruction but offers no precise formulation of such an instruction, the trial court does not abuse its discretion in declining to give such an instruction.

We affirm the judgment on the verdict in favor of the premises owner and the trial court's denial of plaintiff's motion for a new trial.

## FACTS

On the evening of November 5, 2013, Stanley Saltzberg tripped on perimeter bricks adjacent to the public sidewalk in front of a duplex owned by Chuckanut Capital and suffered significant injuries.

Saltzberg brought a premises liability suit against Chuckanut. A Seattle municipal code street use ordinance requires a permit and imposes a 12-inch setback from the public sidewalk for private improvements such as perimeter bricks within the city right-of-way.

Saltzberg argued Chuckanut breached its common law duty of care by failing to comply with the ordinance at the time of his injury. Saltzberg did not argue the Seattle right-of-way ordinance created a legislatively enacted duty of care.[1]

Saltzberg filed a motion in limine to preclude any testimony by Chuckanut "that it didn't know about the City of Seattle Right of Way on [its] property or that [it] was unaware that [it] needed to apply for [a] permit to maintain or construct any

---

[1] The jury was instructed that the defendant's duty to the plaintiff was that of ordinary care.

permanent improvements within the right of way."[2] But Saltzberg himself sought to admit evidence of Chuckanut's knowledge that the property was subject to a right-of-way limitation.[3]

In denying the motion in limine, the trial court noted that what the landowner knew and when it knew it is often raised in premises liability cases. The trial court ruled that if Saltzberg was entitled to present evidence of Chuckanut's knowledge, Chuckanut could offer evidence on that same topic.

Saltzberg's motion in limine also sought to prohibit Chuckanut from making any argument that its "ignorance of the law was reasonable, and therefore excuses [its] failure to comply with the law regarding permits."[4] In denying that portion of the motion, the trial court directed Saltzberg to pursue the issue of Chuckanut's theories about ignorance of the ordinance in proposed jury instructions.[5]

Saltzberg proposed jury instruction 34 based on the pattern criminal jury instruction regarding "knowingly."[6] But during formal exceptions to jury instructions, Saltzberg stated he wanted a different instruction than the criminal

---

[2] Clerk's Papers (CP) at 130.

[3] The evidence consisted of two notices of ordinance violation sent by the City after Saltzberg's injury. CP at 61, 77.

[4] CP at 130.

[5] Saltzberg's counsel: "We think ignorance of the law is no excuse." Court: "Well, I understand that defense and if you ask me for a jury instruction to that extent, I will certainly consider one." Report of Proceedings (RP) (June 26, 2017) at 23.

[6] CP at 246.

pattern instruction and requested a civil instruction that "ignorance of the law is no excuse."[7] The trial court declined to give such an instruction.

The jury found Chuckanut not negligent. The trial court denied Saltzberg's motion for a new trial based on his motion in limine and proposed jury instruction. Saltzberg appeals.

## ANALYSIS

We review denial of a motion in limine, denial of a proposed jury instruction, and denial of a motion for new trial all for abuse of discretion.[8]

### Motion in Limine

A motion in limine should be granted if the evidence objected to is clearly inadmissible.[9]

The first part of the motion in limine sought to exclude evidence by Chuckanut that it was unaware there was a right-of-way on its property, or that it needed a permit for the bricks within that right-of-way. In the colloquy with the court, Saltzberg's counsel acknowledged that he sought to introduce evidence of Chuckanut's knowledge of its noncompliance with the ordinance. The trial court denied that portion of the motion in limine, observing that "[a] defendant's

---

[7] RP (July 3, 2017) at 503.

[8] Fenimore v. Donald M. Drake Constr. Co., 87 Wn.2d 85, 91, 549 P.2d 483 (1976); Rekhter v. State Dep't of Soc. & Health Servs., 180 Wn.2d 102, 120, 323 P.3d 1036 (2014); Gilmore v. Jefferson County Pub. Transp. Benefit Area, 190 Wn.2d 483, 502, 415 P.3d 212 (2018).

[9] Gammon v. Clark Equip. Co., 38 Wn. App. 274, 287, 686 P.2d 1102 (1984) (citing Fenimore, 87 Wn.2d at 91).

knowledge (or lack thereof) . . . is relevant to the issue of negligence."[10] It is entirely unremarkable that the trial court allowed Chuckanut to introduce evidence on the same topic that Saltzberg proposed to admit evidence.

The second part of the motion in limine sought to preclude any "argument" by Chuckanut's counsel that ignorance of the law is a reasonable excuse for failing to comply with the ordinance. On this issue, the court merely decided that this request to limit argument should be raised in the form of a request for a jury instruction rather than a motion in limine; if Saltzberg proposed such an instruction, the court would consider it.[11] When the trial court has exercised its discretion to allow evidence on a topic, the court is not compelled to grant a motion in limine to restrict arguments regarding that topic.[12] It is entirely within the court's discretion to direct a party to propose jury instructions to define the legal propositions that may be argued by the parties.

The trial court did not abuse its discretion in denying Saltzberg's motion in limine.

---

[10] CP at 240.

[11] See RP (June 26, 2017) at 23.

[12] If the court grants a motion in limine excluding particular evidence, then the court may also direct that parties and counsel not refer to the excluded evidence. 30 DAVID N. FINLEY & LISA MCGUIRE, WASHINGTON PRACTICE: WASHINGTON WASHINGTON MOTIONS IN LIMINE § 1.3 at 4 (2018-19 ed.).

Jury Instructions

Jury instructions are adequate if they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law.[13]

A trial court need never give a requested instruction that is erroneous in any respect.[14] CR 51 requires "[e]ach proposed jury instruction [to] be typewritten or printed" and permits "[t]he trial court [to] disregard any proposed instruction not submitted in accordance with this rule."[15] And if the court fails to give a proposed instruction, the party must take exception to that failure to preserve the error on appeal.[16]

Saltzberg proposed jury instruction 34, the criminal pattern instruction for "knowingly":

> A person knows or acts knowingly or with knowledge with respect to a fact when he or she is aware of that fact. It is not necessary that the person know that the fact is defined by law as being unlawful.[17]

During the colloquy on formal exceptions to jury instructions, Saltzberg's counsel acknowledged that "we don't really like the language" of the criminal instruction.[18]

---

[13] State v. O'Brien, 164 Wn. App. 924, 931, 267 P.3d 422 (2011).

[14] Hendrickson v. Moses Lake Sch. Dist., ___ Wn.2d ___, 428 P.3d 1197, 1202 (2018).

[15] CR 51(c), (e); Cowan v. Jensen, 79 Wn.2d 844, 848, 490 P.2d 436 (1971) (error cannot be based on an oral motion to give instructions).

[16] Goehle v. Fred Hutchinson Cancer Research Center, 100 Wn. App. 609, 614, 1 P.3d 579 (2000).

[17] CP at 279.

[18] RP (July 3, 2017) at 503.

Saltzberg did not preserve any objection to the trial court's refusal to give proposed jury instruction 34. Even if he had, Saltzberg fails to establish that the language addressing knowledge "of a fact" for purposes of criminal law was an accurate statement of law in his common law premises liability claim or necessary to allow adequate argument to the jury.

Saltzberg also orally advised the court, "[W]hat we want is an instruction that says ignorance of the law is no excuse. We pulled the criminal instruction because, although we don't really like the language, it's the closest thing we have to a standard instruction."[19] Saltzberg cited two civil cases in support of his request, but neither addresses common law premises liability.[20] Saltzberg did not submit a written proposed "ignorance of the law" instruction.

And his request for an "ignorance of the law is no excuse" instruction merely parroted a general maxim. The request was neither precise nor specific to this case. Further, Saltzberg did not pursue the legal theory that a reasonable person would have investigated and discovered whether the property was within the city right-of-way.[21] Even if we ignore the instruction's other deficiencies,

---

[19] Id.

[20] See id. at 502-03 (citing Senn v. Northwest Underwriters, 74 Wn. App. 408, 875 P.2d 637 (1994); Rekhter v. State, 180 Wn.2d 102, 323 P.3d 1036 (2014)).

[21] Chuckanut's argument that it lacked knowledge of the ordinance is more than a simple "ignorance of the law" argument. The right-of-way on Chuckanut's property was an "invisible boundary," only revealed by a map or survey. In Wood v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 45 Wn.2d 601, 277 P.2d 345 (1954), a case pre-dating RCWA 5.40.050, our Supreme Court held that ignorance of an invisible boundary, specifically a city limit designation not visible to the

7

ignorance whether the ordinance applies includes the question of fact whether the property is within the city right-of-way. To draft an instruction that precisely carved out the nuances of that fact question from the pure legal argument whether a person is charged with knowledge of the terms of an ordinance would require more than the vague and imprecise statement that "ignorance of the law is no excuse." Saltzberg does not establish that his orally proposed instruction is, in context, a correct and complete statement of the law.[22]

---

traveling public, was not ignorance of the law and therefore was a permissible excuse to negligence per se.

[22] At the core of Saltzberg's "ignorance of the law is no excuse" argument is his contention that only permissible excuses can be considered when evaluating a violation of a statute or ordinance. While Saltzberg acknowledges he "[does] not contend that the trial court should have invoked the doctrine of negligence per se," Reply Br. at 2, he inconsistently argues "if [none] of the recognized excuses [apply], . . . the violator should be *deemed negligent as a matter of law*." Reply Br. 1 (emphasis added). And he cites to fundamental negligence per se concepts addressed in the *Restatement (Third) of Torts* §§ 14, 15. See Br. of App. 18-21.

Under RCWA 5.40.050, violation of an ordinance is "admissible *but not necessarily conclusive* on the issue of negligence . . . . [A] trial judge can no longer find negligence as a matter of law merely because a statutory duty was violated without excuse or justification." Mathis v. Ammons, 84 Wn. App. 411, 418, 928 P.2d 431 (1996) (emphasis added). If violation of an ordinance is admitted as evidence of negligence in a common law premises liability claim, Saltzberg's assertion that the premises owner "should be deemed negligent as a matter of law" is not consistent with RCWA 5.40.050 or Mathis.

Further, this street use ordinance cannot set a standard of care because it expressly provides for the general welfare and disavows that it is intended to protect any particular class of persons. Seattle Municipal Code 15.02.025(C). In Jackson v. City of Seattle, this court confirmed that ordinances employing "general purpose language" and "specifically disavowing an intention to protect a particular class of persons" do not set a standard of care. 158 Wn. App. 647, 652, 654-55, 244 P.3d 425 (2010).

The basic premise of Saltzberg's argument that ignorance of the law is an invalid excuse for violation of this ordinance fails.

The trial court did not abuse its discretion by denying Saltzberg's request for an "ignorance of the law is no excuse" instruction.

Motion for New Trial

Saltzberg's motion for new trial is based on the denial of his motion in limine and the refusal to give his criminal jury instruction or an "ignorance of the law is no excuse" instruction. Because the court properly denied both the motion in limine and the proposed jury instructions, it did not abuse its discretion in denying Saltzberg's motion for a new trial.

We affirm.

WE CONCUR: