[No. 18338-2-II.   Division Two.   April 5, 1996.]

PAMELA S. PALMER, ET AL., *Appellants*, v. THOMAS JENSEN, ET AL., *Respondents*.

*Dan M. Albertson* and *Albertson Law Offices*, for appellants.

*John Q. Powers* and *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.*, for respondents.

BRIDGEWATER, J. — Pamela Palmer appeals from a jury's general verdict in which she was awarded damages equal to the cost of her medical care; Palmer's medical

care resulted from an automobile collision in which she was rear-ended while stopped at an intersection off a freeway exit, although she had the right of way to proceed. We hold that the trial court did not err in failing to grant a new trial based upon an inadequate verdict. We also hold that there was no error in failing to provide the jury with a special verdict form and that Palmer's stopping when she had the right to proceed on the road was substantial evidence supporting the jury's finding of contributory negligence. We affirm.

Palmer exited Interstate-5 in Tacoma in her vehicle and approached a T-intersection where she could turn either left or right. Traffic coming from the left and right — the top bar of the "T" — was required to stop; Palmer was not. Palmer did, however, stop, claiming concern for an automobile that appeared to be moving into the intersection in spite of the stop sign. She was rear-ended by Thomas Jensen. Uncontroverted evidence at trial from her treating physician indicated that all of Palmer's medical treatment presented at trial for her soft tissue injury was related to the accident, was necessary, and the expenses reasonable and consistent with prevailing rates in the Northwest.

The jury returned a general verdict finding Palmer and her son's total damages to be $8,414.89, the exact amount of their medical costs. The jury also found Palmer to be 25 percent contributorily negligent.

■■ "A strong presumption exists in Washington that a jury's determination of the amount of damages to be awarded is valid." 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASH. PRAC., *Tort Law and Practice* § 4.44, at 97 (1993). Upon a motion, if the trial court finds the damages awarded by the jury are so inadequate as unmistakably to indicate the amount must have resulted from the jury's passion or prejudice, the trial court may enter an order providing for a new trial unless the adversely affected party consents to an increase of the verdict. RCW 4.76.030;

CR 59(a)(5). The denial of such a motion will not be disturbed absent a manifest abuse of discretion. *Cowan v. Jensen*, 79 Wn.2d 844, 847, 490 P.2d 436 (1971). A trial court abuses its discretion when its exercise of discretion is manifestly unreasonable or based on untenable grounds. *Allard v. First Interstate Bank, N.A.*, 112 Wn.2d 145, 148, 768 P.2d 998, *modified*, 773 P.2d 420 (1989).

A trial court does not abuse its discretion when it denies a motion for a new trial when the jury's failure to award any general damages seems to have resulted from a failure of proof. *Wooldridge v. Woolett*, 96 Wn.2d 659, 668, 638 P.2d 566 (1981). In *Wooldridge*, a jury failed to award the estate of the decedent any lost earning capacity when the decedent had a spotty work record and no record of savings. *Wooldridge*, 96 Wn.2d at 667-68.[1] The court determined on appeal that, "[f]rom those factors, it does not appear unreasonable that the jury awarded no general damages." *Wooldridge*, 96 Wn.2d at 669. *See also Sebers v. Curry*, 73 Wn.2d 358, 438 P.2d 616 (1968) (no award for loss of child's services in wrongful death case where paucity of testimony bearing upon the value of the boy's services); *Lipshay v. Barr*, 54 Wn.2d 257, 339 P.2d 471 (1959) (no award for pain and suffering where jury could reasonably infer injury was not as serious as contended and portion of medical expenses and absence from work were unnecessary).

## I

Palmer argues that a jury's award of special damages only is inadequate as a matter of law. The argument is directly in conflict with *Wooldridge*, *Sebers*, and *Lipshay*, which uphold a trial court's decision to deny a new trial when the jury awarded only special damages. Palmer fails

---

[1] "[T]he measure of damages for a decedent's lost earning capacity is . . . computed by determining the total of future earnings, less the personal expenses he would have incurred during his lifetime, and reducing the net amount to its present cash value." *Wooldridge*, 96 Wn.2d at 667.

to cite to one case, and we know of none, where a trial court's decision to deny a new trial was overturned when the jury ostensibly failed to award general damages.

As a general rule, a trial court does not abuse its discretion when it grants a motion for a new trial when the jury awards damages in an amount less than uncontroverted special damages. " '[I]n determining whether a new trial should be granted because of inadequate damages, the trial court and this court are entitled to accept as established those items of damage which are conceded, undisputed, and beyond legitimate controversy.' " *Hills v. King*, 66 Wn.2d 738, 741, 404 P.2d 997 (1965) (quoting *Ide v. Stoltenow*, 47 Wn.2d 847, 851, 289 P.2d 1007 (1955)). *See also Krivanek v. Fibreboard Corp.*, 72 Wn. App. 632, 636, 865 P.2d 527 (1993), *review denied*, 124 Wn.2d 1005 (1994). Although there is no way this court could know with absolute certainty whether the jury failed to award general damages, such a result can be reasonably inferred from the general verdict when the jury's award is exactly the same as the plaintiff's uncontroverted evidence of medical costs. In *Shaw v. Browning*, 59 Wn.2d 133, 135, 367 P.2d 17 (1961), our Supreme Court noted:

> The verdict was in the exact amount of the doctors, dentist, and hospital bills enumerated in the court's instruction, *i.e.*, $458.43, plus the conceded damage to the plaintiff's car in the sum of $355—a total of $813.43. Leaving aside all questions of permanent injury, it was conceded that the injured plaintiff had a tooth broken off and sustained bruises, lacerations, and contusions. Her knee was in a cast and, after the cast was removed, she was on crutches for some time. It is indisputable that she sustained pain and suffering, and very clear that the jury did not intend to compensate her for them. . . .

(Footnote omitted.) In *Ide*, the trial court granted a new trial on the basis the award of damages was inadequate. The Supreme Court affirmed the trial court's decision. The court noted that "any award less than [$500] for general damages [pain, suffering, and disability,] would be so inadequate as to shock the conscience of the court." *Ide*, 47

Wn.2d at 850. The court described the plaintiff's injuries: "[S]he suffered a scalp laceration which bled profusely and the closing of which required several stitches, and . . . suffered numerous bruises and contusions. While in the hospital, she was nervous and cried frequently; some shock and emotional upset were clearly established, though their extent and duration are in controversy." *Ide*, 47 Wn.2d at 850. Palmer's case is different from both Shaw's and Ide's where the trial court granted a new trial, because here we review a denial of a motion for a new trial. Additionally, although the jury's verdict necessarily leads to the conclusion there was some pain and suffering, the jury could have reasonably inferred that Palmer's injury was less severe than she contended and that some of her medical expenses were unnecessary. The value of Palmer's pain and suffering was a legitimate controversy for the jury. We note that *Cowan* assumes that the amount of damages based upon unstipulated medical bills remains a matter for the jury to determine within its discretion. *Cowan*, 79 Wn.2d at 846-47.

## II

Palmer contends the trial court erred when it refused to give the jury her special verdict form segregating special from general damages. Palmer assigns error to this decision for the purpose of deflecting this court's use of the general verdict as a basis for upholding the jury's verdict. Without argument or citation to authority, we will not consider the issue. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

## III

Palmer contends no substantial evidence supports the jury's finding of her contributory negligence. Contrib-

utory negligence cannot be withdrawn from the jury where there is substantial evidence to support it. *Shasky v. Burden*, 78 Wn.2d 193, 195, 470 P.2d 544 (1970). At trial, this instruction was given:

> The violation, if any, of a statute is not necessarily negligence, but may be considered by you as evidence in determining negligence.
>
> A statute of the State of Washington requires:
>
> Outside of incorporated cities and towns no person may stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway. [RCW 46.61.560]
>
> However, this statute does not prohibit involuntary stops by a motorist, required by the exigencies of traffic on a highway.

Motion is the general law of the road, subject to limitations imposed by reason and necessity. 3 BLASHFIELD AUTOMOBILE LAW AND PRACTICE § 116.1, at 316 (Frederick D. Lewis ed., 3d ed. 1965). A driver has a duty to maintain a lookout for following vehicles that might be affected by the driver stopping. Where the condition of traffic is such that stopping will endanger vehicles following, the exercise of reasonable care will require avoidance of stopping. 2 PATRICK D. KELLEY, BLASHFIELD AUTOMOBILE LAW AND PRACTICE § 113.9, at 691 (rev. 3d ed. 1979). Involuntary stops by a motorist required by the exigencies of the traffic are not prohibited. *Lindsley v. Webb*, 46 Wn.2d 189, 191, 279 P.2d 639 (1955).

That Palmer had a duty to Jensen under these facts is indisputable. In *Danley v. Cooper*, 62 Wn.2d 179, 181-82, 381 P.2d 747 (1963), the preceding driver stopped on an inside lane to make an unlawful left turn. There was nothing behind her for at least 800 feet. Inevitably, a panel truck smashed into the back of her car. The court held that her stop fell below the standard of care legislatively defined in a statute worded similarly to the above jury

instruction.[2] *Danley*, 62 Wn.2d at 181-82. That traffic may have posed Palmer an exigency appears debatable, but the jury could have found there was no exigency. Palmer herself testified that nothing justified her stopping. Moreover, by her own testimony she was stopped for 15 or 20 seconds. Jensen testified he saw neither brakes lights nor a blinker. The jury was entitled to believe them. A person exercising ordinary care would not stop at the end of a freeway exit and wave disfavored drivers on with disregard for following vehicles. Palmer created a traffic obstruction where one was unjustified; this was a breach of her duty to following drivers. Her breach contributed to the accident. Substantial evidence supports the jury's finding that Palmer was contributorily negligent.

We affirm.

MORGAN and TURNER, JJ., concur.

Review granted at 130 Wn.2d 1006 (1996).

---

[2]"It shall be unlawful for any person to stop, park or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any public highway outside incorporated cities and towns." RCWA 46.48.290 (repealed by LAWS OF 1965, Ex. Sess., ch. 155, § 91) (replaced by RCW 46.61.560).