# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BONITA D. LYON, | ) | NO. 71618-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| QUALITY LOAN SERVICES CORP. | ) | UNPUBLISHED OPINION |
| OF WA; CITIBANK, N.A. as Trustee | ) | |
| for Bear Sterns Alt-A Trust, | ) | |
| Mortgage Pass-Through Certificates, | ) | |
| Series 2006-5, | ) | |
| | ) | |
| Respondents. | ) | FILED: April 27, 2015 |
| | ) | |

LEACH, J. — Bonita Lyon appeals the summary judgment dismissal of her complaint for injunctive relief and damages against Quality Loan Service Corp. of Washington and Citibank N.A. Because Lyon fails to establish error, we affirm.

## FACTS

In June 2006, Bonita Lyon financed her purchase of a rental home with a loan of $182,800 from Pacific Community Mortgage Inc. Lyon signed a promissory note and a deed of trust to secure the note. The deed of trust names Mortgage Electronic Registration Systems Inc. (MERS) as the beneficiary. In 2011, MERS assigned the deed of trust to Citibank, which appointed Quality as successor trustee.

In July 2012, Quality sent Lyon a notice of default, indicating 27 missed payments between May 1, 2010, and July 2, 2012, and demanding a total of $33,875.16 for missed payments, charges, costs, and fees. The notice identifies Citibank as the current owner of the note secured by the deed of trust. In August 2012, based on this July 2012 notice, Quality scheduled a trustee's sale for December 7, 2012. In October 2012, Quality sent Lyon a second notice of default, indicating 30 missed payments between May 1, 2010, and October 31, 2012, and demanding a total of $37,837.76 for missed payments, charges, costs, and fees. Quality did not conduct or continue the sale scheduled for December 7, 2012. On December 18, 2012, based on the October 2012 notice, Quality scheduled a trustee's sale for April 19, 2013.

On April 10, 2013, Lyon filed a complaint to restrain the April 2013 foreclosure sale and for damages for violations of the Consumer Protection Act (CPA), chapter 19.86 RCW, against Quality and Citibank. She alleged that Quality and Citibank engaged in various deceptive acts. These included scheduling a second foreclosure sale when a previous sale had not been discontinued under circumstances permitted by the Washington deeds of trust act (DTA), chapter 61.24 RCW, and Citibank's initiation of foreclosure proceedings when it is not a proper beneficiary because it "holds the note as security for a different obligation." She sought a permanent injunction preventing

"Quality and any successor trustee, and all those in active concert with them, from foreclosing against the Property." After a hearing on May 3, 2013, the trial court granted a preliminary injunction "as to this foreclosure proceeding only," conditioned on Lyon posting a bond and making monthly payments of $1,161.54 into the court registry. Lyon posted a bond and made monthly payments as directed.

On August 1, 2013, Quality recorded a notice of discontinuance for each of the scheduled trustee's sales. In December 2013, Quality filed a motion for summary judgment. Quality claimed that the challenged notices of sale lapsed by operation of law and/or when Quality recorded a notice of discontinuance for each notice of sale, making Lyon's claim for an injunction as to those notices moot. Quality also contended that Lyon's current default and the provisions of her deed of trust made her unable to prove any entitlement to a permanent injunction. Quality also claimed that Lyon failed to (1) show any prejudice caused by any alleged breach of the DTA and (2) identify a genuine issue for trial on each of the essential elements of her CPA claim.

In January 2014, Citibank filed a motion to dismiss and/or for summary judgment to dissolve the preliminary injunction and to disburse the funds in the court registry. Citibank claimed that (1) Lyon's claim for injunctive relief should be dismissed as moot, (2) Lyon failed to present any evidence showing that

Citibank is not a proper beneficiary, (3) no legal or equitable ground existed to maintain the preliminary injunction, and (4) the court should disburse the monthly payment amounts Lyon paid into the court registry to Citibank.

The trial court granted Quality's and Citibank's motions, dismissed Lyon's claims, dissolved the preliminary injunction, and directed the court clerk to disburse all the funds in the court registry, except Lyon's bond, to Citibank.

Lyon appeals.[1]

## ANALYSIS

We review an order disbursing funds in the court registry for abuse of discretion.[2] We review a trial court's order granting or denying a preliminary injunction for abuse of discretion.[3]

We review de novo both a summary judgment order and a trial court's dismissal of an action under CR 12(b)(6).[4] When reviewing a summary judgment order, we view the facts and reasonable inferences in the light most favorable to

---

[1] Citibank filed a motion to strike Lyon's reply brief, claiming it improperly raises new arguments in violation of RAP 10.3(c). To the extent Lyon has raised new arguments in her reply, we have not considered them. We deny the motion to strike.

[2] See, e.g., Wilson v. Henkle, 45 Wn. App. 162, 169, 724 P.2d 1069 (1986).

[3] Rabon v. City of Seattle, 135 Wn.2d 278, 284, 957 P.2d 621 (1998).

[4] Khung Thi Lam v. Global Med. Sys., Inc., 127 Wn. App. 657, 661 n.4, 111 P.3d 1258 (2005); Dave Robbins Constr., LLC v. First Am. Title Co., 158 Wn. App. 895, 899, 249 P.3d 625 (2010).

the nonmoving party.[5] We may affirm an order granting summary judgment if the record shows no genuine issues of material fact for trial and the moving party's entitlement to judgment as a matter of law.[6] If a party presents and the court considers materials outside the pleadings, we treat the CR 12(b)(6) motion as a summary judgment motion under CR 56.[7]

The meaning of a statute presents a question of law that we review de novo with the objective of ascertaining and carrying out the legislature's intent.[8] "The 'plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, the related provisions, and the statutory scheme as a whole."[9] "In general, words are given their ordinary meaning, but when technical terms and terms of art are used, we give these terms their technical meaning."[10]

Lyon does not accurately describe the proceedings below or apply the appropriate standard of review to her claims of error. She also fails to cite the

---

[5] Khung Thi Lam, 127 Wn. App. at 661 n.4.

[6] CR 56(c).

[7] CR 12(b)(6).

[8] Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002); Arborwood Idaho, L.L.C. v. City of Kennewick, 151 Wn.2d 359, 367, 89 P.3d 217 (2004).

[9] City of Spokane v. Rothwell, 166 Wn.2d 872, 876-77, 215 P.3d 162 (2009).

[10] Swinomish Indian Tribal Cmty. v. Dep't of Ecology, 178 Wn.2d 571, 581, 311 P.3d 6 (2013).

record or relevant authority to support her claims. Courts hold pro se litigants to the same standard as attorneys, requiring compliance with all procedural rules.[11] Under the Rules of Appellate Procedure, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority."[12] We need not consider arguments not supported by meaningful analysis or citation to pertinent authority.[13]

Furthermore, as briefed, Lyon's arguments do not persuade us. Lyon first contends that the court erred by disbursing the funds she deposited in the court registry to Citibank because Citibank holds her deed of trust "as security for a different obligation" and is therefore not a proper beneficiary. Under the DTA, "only a proper beneficiary has the power to appoint a successor to the original trustee named in the deed of trust," and "only a properly appointed trustee may conduct a nonjudicial foreclosure."[14] RCW 61.24.005(2) defines "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."

---

[11] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).
[12] RAP 10.3(a)(6).
[13] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).
[14] Bavand v. OneWest Bank, FSB, 176 Wn. App. 475, 486, 309 P.3d 636 (2013).

Lyon cites no evidence in the record to support her claim that Citibank holds her deed of trust as security for a different obligation. Nor does she cite relevant authority. Moreover, evidence in the record, specifically the beneficiary declaration, establishes that Citibank actually held Lyon's promissory note. And Lyon does not contend that Citibank was not entitled to collect her monthly mortgage payments. Under these circumstances, the court did not abuse its discretion by disbursing the monthly payments to Citibank.

Lyon next contends that Quality violated the preliminary restraining order on August 1, 2013, by recording a notice of discontinuance of the sale scheduled for April 19, 2013. She argues at length that the order prevented Quality from taking any action to change the status quo without first obtaining permission from the court. But the order merely states that the trial court granted her motion "for an injunction to enjoin the trustee's sale" "as to this foreclosure proceeding only." Lyon fails to identify any language in the order or any relevant authority supporting her interpretation of the restraining order. In addition, Lyon fails to cogently articulate any injury she suffered as a result of Quality's discontinuance of the sale or explain how the discontinuance "conceded [her] claim." We therefore reject this claim.

Finally, Lyon contends the trial court erred by dismissing her CPA claim. To prevail on an action for damages under the CPA, the plaintiff must establish

"(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."[15] "[W]hether a particular action gives rise to a Consumer Protection Act violation is reviewable as a question of law."[16]

> Under the Washington Supreme Court's Hangman Ridge[17] test,
>
> a claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest.[18]

Without identifying any genuine issue of material fact for trial, Lyon contends the following actions, which she attributes to both Quality and Citibank, violated the DTA, were "inherently deceptive," and constitute per se violations of the CPA: (1) initiating two sequential foreclosure proceedings and (2) providing two separate notices stating different reinstatement amounts such that, for a "two-month period," she "had no way of definitively determining which . . . amount [she] was obligated to pay or on which date." But Lyon fails to cite the record or pertinent authority to support her claims. Lyon does not deny that she was in

---

[15] Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

[16] Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150, 930 P.2d 288 (1997).

[17] Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

[18] Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013).

default or identify any inaccuracy or inconsistency in the two notices of default. She identifies no prejudice caused by the two sequential notices. Lyon fails to explain why Quality's behavior was "unfair" or "deceptive" under the CPA. "Absent adequate, cogent argument and briefing, we decline to wander through the complexities of the Consumer Protection Act."[19] Because Lyon fails to demonstrate error, we affirm the trial court.

Affirmed.

_Leach, J._

WE CONCUR:

_____

_____

----

[19] Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989): see also Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").