# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CRYSTAL McDOWELL, | No. 56988-4-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DAVID ZAHRADNIK, | |
| Respondent. | |

MAXA, J. – Crystal McDowell appeals the trial court's order granting summary judgment in favor of David Zahradnik regarding Zahradnik's counterclaims against her.

McDowell and Zahradnik were married for over nine years until December 1997, when their marriage was dissolved. Before finalizing their dissolution, they signed a property settlement agreement that addressed commercial property they jointly owned. In November 2020, McDowell filed a complaint against Zahradnik for breach of contract of a separate financial agreement that they allegedly signed before finalizing their dissolution. Zahradnik responded with various counterclaims. The trial court dismissed McDowell's claims per her request and entered an order granting summary judgment in favor of Zahradnik on his counterclaims.

McDowell makes numerous claims challenging the trial court's decisions. Because McDowell has provided insufficient argument or analysis to support her claims, we have no

ability to address the issues she raises and decline to consider them. Accordingly, we affirm the trial court's order granting summary judgment in favor of Zahradnik.

FACTS

*Background*

McDowell and Zahradnik were married from June 1988 until December 31, 1997, when their divorce was finalized. They maintained an amicable relationship, and before their divorce was finalized they signed a separation and property settlement agreement.

In the agreement, McDowell and Zahradnik agreed to execute a quit claim deed to each other as joint tenants with right of survivorship for commercial property they owned on Meridian East in Puyallup. They also agreed that they would jointly manage the Meridian property, McDowell would receive all income from leasing the property, and Zahradnik would pay all mortgages, liens, and taxes on the property. McDowell and Zahradnik both would be responsible for the costs of all repairs on the property. Zahradnik later testified that there was an understanding that the Meridian property would be sold within two to four years and they would split the proceeds.

The agreement also stated that Zahradnik would pay spousal maintenance to McDowell of $1,000 per month for a period of 18 months, beginning on January 1, 1998 and ending on June 1, 1999.

*Complaint and Answer*

In November 2020,[1] McDowell – representing herself – filed a complaint for breach of contract against Zahradnik. She claimed that Zahradnik had breached an agreement they had signed under which (1) McDowell could spend up to $10,000 on Zahradnik's credit card to

---

[1] McDowell initially filed an unsigned complaint in July 2020.

purchase supplies and personal goods; (2) Zahradnik would pay McDowell $3,500 each month for two years and then $1,500 each month for one year after that; (3) McDowell would receive one third of the gross proceeds from the sale of the Meridian property at such time it was sold, and if Zahradnik used the property himself he would pay one third of the rental value per month to McDowell; and (4) McDowell and Zahradnik would sign wills leaving all properties and assets to each other and excluding all other family.

Zahradnik responded with various counterclaims. He claimed (1) ouster and injunctive relief because McDowell made the Meridian property her personal residence and posted a sign excluding Zahradnik; (2) breach of contract because McDowell refused to pay the utilities while living at the Meridian property and threatened to take his personal belongings; (3) conversion because McDowell took his personal property and the improvements he made to the Meridian property; (4) promissory estoppel because McDowell went against their agreement to hold the Meridian property as joint tenants with a right of survivorship; (5) unjust enrichment because he had paid the mortgage payments, property taxes, costs for the sewer, and utilities at the Meridian property; and (6) misrepresentation. Zahradnik also requested CR 11 sanctions against McDowell because she had filed a frivolous complaint based on false information.

*Trial Court Proceedings*

In December 2021, Zahradnik filed a motion for summary judgment. After opposing the summary judgment motion, McDowell filed a third amended motion for a voluntary dismissal of her breach of contract claims with prejudice in January 2022. The motion acknowledged that Zahradnik's counterclaims would remain regardless of the dismissal.

On January 14, 2022, at the summary judgment hearing, the trial court entered an order dismissing McDowell's breach of contract claims with prejudice and dismissing all of her other

claims without prejudice, per McDowell's request. The trial court continued the summary judgment hearing on Zahradnik's counterclaims to January 28. This continuance was granted to give Zahradnik time to file an amended motion for summary judgment that no longer addressed McDowell's dismissed claims. Zahradnik was ordered to file his amended summary judgment motion by January 20 and McDowell was ordered to file a response by January 24.

Zahradnik filed an amended motion for summary judgment that focused only on his counterclaims. McDowell filed a partially amended opposition to the summary judgment motion, stating that Zahradnik made false and fraudulent claims. She also requested another continuance of the summary judgment hearing, which the trial court denied. And McDowell requested reconsideration of the order dismissing her claims, which the trial court denied.

*Summary Judgment Decision*

The trial court granted summary judgment in favor of Zahradnik on his counterclaims. The court awarded Zahradnik damages for the rent owed when McDowell occupied the Meridian property, utility payments, real property taxes, sewer costs, $140,000 that was loaned to McDowell for the purchase of a home, money that was loaned to McDowell for her father's estate, three quarters of the appraised value of the Meridian property, attorney fees, and CR 11 sanctions against McDowell.

In total, the trial court awarded Zahradnik damages in the amount of $728,300 and attorney fees in the amount of $33,825.17, with interest accruing at the rate of 12 percent.

McDowell appeals the trial court's order granting summary judgment in favor of Zahradnik.

ANALYSIS

Litigants representing themselves are held to the same standard as an attorney and must comply with the rules of appellate procedure. *Winter v. Dep't of Soc. & Health Servs. on behalf of Winter*, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). RAP 10.3(a)(5) states that appellants should include references to the record in the "Statement of the Case" section and RAP 10.3(a)(6) states that appellants should support all arguments with "citations to legal authority and references to relevant parts of the record."

In addition, we generally decline to consider an issue when the appellant has failed to provide meaningful argument. *Billings v. Town of Steilacoom*, 2 Wn. App. 2d 1, 21, 408 P.3d 1123 (2017). " 'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.' " *Samra v. Singh*, 15 Wn. App. 2d 823, 836, 479 P.3d 713 (2020) (quoting *Palmer v. Jensen*, 81 Wn. App. 148, 153, 913 P.2d 413 (1996)); *see also* RAP 10.3(a)(6).

McDowell makes numerous claims challenging the trial court's decisions. She claims that the trial court entered its findings of fact and conclusions of law without any basis in law or fact, and engaged in prejudicial actions, including improperly meeting ex parte with Zahradnik, allowing Zahradnik to commit fraud during the summary judgment hearing, and not considering her opposition filings. McDowell also claims that the trial court erred in (1) denying her request for a continuance to respond to Zahradnik's first summary judgment motion and her motion for reconsideration of dismissal of her complaint, (2) addressing her motion to dismiss her claims at the summary judgment hearing, (3) ordering a continuance for Zahradnik to amend his summary judgment motion and ordering an insufficient amount of time for McDowell to respond to

Zahradnik's amended summary judgment motion, and (4) granting summary judgment in favor of Zahradnik.

However, McDowell fails to support her many challenges to the trial court's decisions with any meaningful argument. She relies on conclusory statements that are not supported by any analysis, citations to the record, or relevant legal authority. She lists numerous citations to cases, but she states only that they should "be applied to the above, [and] every and anywhere appropriate." Br. of Appellant at 16.

Given that McDowell has provided insufficient argument or analysis to support her claims, we have no ability to address the issues she raises. Therefore, we decline to consider her claims.

## CONCLUSION

We affirm the trial court's order granting summary judgment in favor of Zahradnik.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

CRUSER, A.C.J.

CHE, J.