IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LOWERY PHILLIPS, | No. 86182-4-I |
| Appellant, | |
| v. | DIVISION ONE |
| STEPHANIE WAGNER, | |
| Respondent. | UNPUBLISHED OPINION |

CHUNG, J. — Trial courts possess broad discretion to fashion relief when a petitioner seeks a civil protection order under chapter 7.105 RCW, such as a Vulnerable Adult Protection Order (VAPO). The court in this case did not abuse that discretion by denying petitioner a permanent VAPO. Thus, we affirm the court's order denying the VAPO and remand only for the trial court to enter findings to support its fee award.

FACTS

Lowery and Elizabeth Phillips were married for 44 years and raised a daughter, Stephanie Wagner. Elizabeth died on December 30, 2020. After her death, Phillips informed Stephanie[1] that he was her adoptive, rather than biological, father. The relationship between Phillips and Stephanie deteriorated.

Stephanie and her husband, Andrew, became concerned about Phillips's actions following Elizabeth's passing. Phillips began preparing to sell his mobile

[1] As Stephanie and her husband Andrew Wagner share a last name, we refer to them using their first names and intend no disrespect in so doing.

home, and asked Andrew to remove and store many personal items. Stephanie obtained a power of attorney from Phillips in November 2021. While Phillips was visiting family in California for Thanksgiving, Stephanie and Andrew went to Phillips's home and removed a briefcase with title documents to his vehicle and home, photographs from the walls, and an urn containing Elizabeth's ashes. She and Andrew were concerned Phillips's home would be sold "without any solid plan in place as to where [Phillips] would live." Stephanie used her power of attorney to add herself to the titles to Phillips's car and mobile home "to help save him."

When Phillips returned, he asked Stephanie and Andrew to return his property. He contacted the Clark County Sheriff's Office and accused Stephanie and Andrew of burglary. He revoked his power of attorney, and hired an attorney who sent the Wagners a letter asking for the return of his possessions.

On May 24, 2022, Phillips petitioned the court for a VAPO restraining Stephanie. The petition alleged that she forced him to sign the power of attorney, took from him the title documents for his car and home, removed personal pictures and an urn containing his wife's ashes from his home, and engaged in various forms of ongoing harassment. The petition also states that "Phillips seeks relief against Mr. Andrew Wagner as Ms. Wagner will likely try to communicate through Mr. Andrew Wagner." The court entered a temporary VAPO restraining Stephanie, but not Andrew, and set a date for a hearing.

2

At a hearing on July 15, the parties agreed to no contact, but disagreed about whether Stephanie had possession of Phillips's property. As the court summarized: "There's a dispute over the remains, there's a dispute over the deceased Ms. [Phillips's] personal items and then there's the house title and the car title." The court determined that issues related to Ms. Phillips's personal effects were for probate or small claims court to decide and ordered Stephanie to preserve her mother's remains and provide Phillips with the documentation that she was entitled to have them. The court ordered that the parties "hold" all property until it could conduct a short trial to resolve the disputes. The court reissued the temporary VAPO, set a hearing for August, and strongly recommended the parties go to mediation to settle all disputes. The court clarified that the August hearing would address only the permanent VAPO and would not resolve any property issues.

Stephanie and Andrew then filed a petition for an anti-harassment protection order against Phillips. At a hearing on August 23, the court denied Stephanie and Andrew's petition. Regarding Phillips's petition, the court set a date for a contested hearing, September 30, and renewed the temporary VAPO.

The court advised that if the parties intended to introduce evidence and witnesses, they needed to set an evidentiary hearing on a judge's calendar. On the day of the contested hearing, the court reissued the temporary VAPO and reset the hearing for October.

In October, Phillips, Stephanie, and Andrew testified at an evidentiary hearing. The court's subsequent written order found that, while Stephanie was "withholding [Phillips]'s property," she was not doing so for her "sole benefit." The court's order specified what property Stephanie must return to Phillips and what property of her mother's she was allowed to retain. The court reissued Phillips's temporary VAPO, and it retained jurisdiction for a subsequent hearing to allow time for Stephanie to return Phillips's property as ordered by the court, but told her, "If you've made efforts to do what I'm asking you to do, then I'm going to dismiss. There will be no VAPO."

At the November hearing, the court found that Stephanie had "complied with the courts directive re return of property." The court's order allowed Phillips's temporary VAPO to expire and denied the petition for a permanent VAPO. The court awarded Phillips $1.00 for costs and $350 in attorney fees under RCW 7.105.310(1)(j). Phillips appeals.

DISCUSSION

Phillips appeals the court's denial of a permanent VAPO. He also challenges the amount of the attorney fees it awarded him.

I.     Denial of Permanent VAPO petition

A vulnerable adult, or person interested in their behalf, "may seek relief . . . by filing a petition for a vulnerable adult protection order [VAPO] under chapter 7.105 RCW." RCW 74.34.110. Under RCW 7.105.100(d), a petition for a vulnerable adult protection order (VAPO) "must allege that the petitioner . . . is a

4

vulnerable adult and that the petitioner . . . has been abandoned, abused, financially exploited, or neglected" or is threatened with the same, by the respondent. The court "shall issue" the order "if it finds by a preponderance of the evidence" that the required criteria are met. RCW 7.105.225.

An order may restrain the respondent from contacting the petitioner, and it may provide relief related to "possession and use of essential personal effects." RCW 7.105.310(1)(b), (n). Moreover, the court has "broad discretion to grant such relief as the court deems proper, including," in the case of a VAPO, to "[r]equire an accounting by the respondent of the disposition of the vulnerable adult's income or other resources," to "[r]estrain the transfer of either the respondent's or vulnerable adult's property," and to "[o]rder other relief as it deems necessary for the protection of the petitioner." RCW 7.105.310(1), (r), (s), & (v). The court may grant a temporary VAPO pending a full hearing and renew it under certain conditions. RCW 7.105.305, .400.

Appellate courts review a superior court's decision to grant or deny a petition for a vulnerable adult protection order for abuse of discretion. In re Knight, 178 Wn. App. 929, 936, 317 P.3d 1068 (2014). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). A court's decision is manifestly unreasonable "if 'the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take,' " and a decision is based on untenable

grounds or untenable reasons "if the trial court relies on unsupported facts or applies the wrong legal standard." Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)). "We defer to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony." Knight, 178 Wn. App. at 937.

A court's factual findings are reviewed for substantial evidence. Knight, 178 Wn. App. at 936. Substantial evidence is "evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003).

Here, Phillips argues that the language "sole benefit" does not appear in chapter 74.34 RCW, "there is no sole benefit legal standard," and no authority supports the court's "special test." Further, he argues that the court's order is not supported by substantial evidence.[2]

The statute defines "financial exploitation" as

the illegal or improper use, control over, or withholding of the property, income, resources, or trust funds of the vulnerable adult by any person or entity for any person's or entity's profit or advantage other than for the vulnerable adult's profit or advantage. "Financial exploitation" includes, but is not limited to:

(a) The use of deception, intimidation, or undue influence by a person or entity in a position of trust and confidence with a vulnerable adult to obtain or use the property, income, resources, . . . or trust funds of the vulnerable adult for the benefit of a person or entity other than the vulnerable adult;

(b) The breach of a fiduciary duty, including, but not limited to, the misuse of a power of attorney, trust, or a guardianship . . .

---

[2] Phillips does not, however, assign error to any specific finding of fact.

> appointment, that results in the unauthorized appropriation, sale, or transfer of the property, income, resources, or trust funds of the vulnerable adult for the benefit of a person or entity other than the vulnerable adult; or

> (c) Obtaining or using a vulnerable adult's property, income, resources, or trust funds without lawful authority, by a person or entity who knows or clearly should know that the vulnerable adult lacks the capacity to consent to the release or use of [his or her] property, income, resources, or trust funds.

RCW 74.34.020(7); RCW 7.105.010(14) (same).[3]

The court granted Phillips temporary protection orders until a hearing could be held so the court could address the major controversy between the parties—possession of "essential personal belongings" following Elizabeth's death. Then, after hearing evidence at the October hearing, the court concluded "that Stephanie is withholding [Phillips] property but that the withholding is not for the sole benefit of Stephanie."

Contrary to Phillips's contention, by using the term "sole benefit," the court was not creating a new legal standard. Rather, it was explaining its assessment of the evidence presented during the hearing, which is properly the purview of the trial court. See Knight, 178 Wn. App. at 937 ("We defer to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony"). Based on the evidence, the court did "not find a breach of fiduciary duty, nor does the court find that the execution of the power of attorney was the

---

[3] Finding that improvements were needed to help ensure that protection orders and corresponding court processes are more easily accessible, the Legislature harmonized and standardized different protection orders under chapter 7.105 RCW, including VAPOs. See Laws of 2021, ch. 215, § 1(5). The changes took effect July 1, 2022. Id. at § 87.

7

result of duress." The record supports the court's determination that Stephanie's actions were taken pursuant to the power of attorney. She added her name to the titles to Phillips's mobile home and car to prevent a quick sale.

However, the court also concluded that "once [Phillips] revoked the power of attorney, Stephanie lacks lawful authority." Thus, the court ordered Stephanie to return property to Phillips and that Stephanie be removed from title to the mobile home and vehicle.[4] It set another hearing in November[5] and issued another temporary VAPO, which is not challenged on appeal.

Following the November hearing, the court issued a written decision finding that Stephanie "has complied with the court's directive re return of property." The court allowed the temporary order to expire and stated "there are no further restraints in place in this case." The court explained to Stephanie that "it's not your job to protect him from himself if no court has said he's not capable of managing his own affairs," and "nobody's told me that he isn't." Rather, the court noted that the evidence was "kind of the opposite of that."

---

[4] Specifically, the court ordered that Phillips was to have possession of the urn containing his wife's ashes that was purchased for him, photographs, car and mobile home titles, his car, and "all items removed from his home and placed in a storage unit with the exception of the craft supplies." Stephanie was to have possession of a second urn containing her mother's ashes and her mother's craft supplies.

[5] Stephanie asked why another hearing was necessary, and the court explained

> At this point with the evidence that I was provided in the evidentiary hearing, I did not feel that you were withholding the property for your sole benefit. . . . If you don't follow my directive . . . I might change my mind about that. . . .
>
> If you've made efforts to do what I'm asking you to do, then I'm going to dismiss. There will be no VAPO. If you don't follow my directive and you continue to withhold the property, at that point, it becomes financial exploitation of Mr. Phillips.

Consequently, by the time of the November hearing, the court had no need to revisit the issue of financial exploitation, and it declined to impose a permanent VAPO. We hold the trial court's use of its broad discretion under chapter 7.105 RCW was not based on untenable grounds or for untenable reasons and was not manifestly unreasonable, so the court did not abuse its discretion by denying Phillips a permanent protection order.[6]

II.     Attorney fees

Phillips argues the court abused its discretion by awarding him only $350 for "over sixty hours of work—approximately $5 per hour of work." Stephanie does not contest the costs and $1 fee award, $351 total, that the court ordered her to pay.

"Under Washington law, a trial court may grant attorney fees only if the request is based on a statute, a contract, or a recognized ground in equity." Gander v. Yeager, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012). Appellate review of attorney fees has two parts: the legal basis for the award is reviewed de novo, while the amount of the award is reviewed for abuse of discretion. Id. at 647. "Trial courts must articulate the grounds for a fee award, making a record sufficient to permit meaningful review." Mullor v. Renaissance Ridge Homeowners' Ass'n, 22 Wn. App. 2d 905, 919, 516 P.3d 812 (2022). This

---

[6] Stephanie suggests Phillips "is [not] behind this appeal," and that his attorney, Joseph Wagner, is engaged in an abuse of process, citing RCW 9.62.020, She does not, however, support this argument with evidence or legal authority. The "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996).

requirement includes findings of fact and conclusions of law sufficient for a reviewing court to determine why the trial court awarded the amount at issue. Id. at 919-920. "If the trial court does not make findings of fact and conclusions of law supporting the attorney fee award, the appropriate remedy is to remand to the trial court for entry of proper findings and conclusions." Id. at 920.

On November 9, 2022, Phillips moved for attorney fees under RCW 7.105.310(1)(J). He states that he pays his attorney "a very low fee of $125 [per hour]" although his attorney's contingency rate is $350 an hour and his normal hourly retainer rate is $250. His attorney's declaration includes a log of hours devoted to Phillips's case, with entries stretching back to before Phillip's petition was filed. All work is billed at $125 per hour, including tasks such as "[p]rinting and compiling exhibits." The motion requests $16,465 for 65.86 hours of work, or $250 per hour. Stephanie responded on November 14 opposing any fees.

The court's November 28 decision awarded Phillips $1 in court costs and $350 in fees under RCW 7.105.310(1)(j). The court's order states that "[t]his case did not make it past temporary orders" and "[p]etitioner, through counsel, elected to pursue the VAPO and not the civil suit, which required a different type of proof."

When "issuing any type of protection order, . . . the court shall have broad discretion to grant such relief as the court deems proper," including discretion to "[r]equire the respondent to pay the administrative court costs . . . and to reimburse the petitioner for costs incurred in bringing the action, including

reasonable attorneys' fees." RCW 7.105.310(1), (j). The trial court therefore had discretion to award fees to Phillips relating to the temporary VAPOs. However, the court did not articulate the grounds for its award sufficient for this court to review the amount awarded. We therefore remand for entry of the requisite findings of fact and conclusions of law.

Finally, in his reply brief, but not his opening brief, Phillips requests "fees for this appeal." Under RAP 18.1(b), an appellant "must devote a section of its opening brief" to such a request. Phillips did not do so, so we decline to award him fees on appeal.

CONCLUSION

We affirm the court's order denying Phillip's VAPO petition and remand for the trial court to enter findings and conclusions in support of its fee award.

_Chung, J._

WE CONCUR:

_Feldman, J._     _Bowman, J._