IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84109-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| CHRISTOPHER ILANDERS HUTTON, | UNPUBLISHED OPINION |
| Appellant. | |

CHUNG, J. — Christopher Hutton argues the imposition of the victim penalty assessment (VPA) at his resentencing for murder in the first degree violates the state and federal constitutions' protections against excessive fines.[1] At a resentencing, the court may consider any sentencing issues raised, including the imposition of the VPA. But we need not reach Hutton's constitutional claims, as the State concedes Hutton is entitled to remand to strike the VPA based on statutory amendments that apply to this appeal. Thus, we remand to the trial court to strike the VPA from Hutton's judgment and sentence.

FACTS

Christopher Hutton pleaded guilty to murder in the first degree in 2016 and agreed to a high-end standard-range sentence of 416 months of confinement. At sentencing, the trial court imposed the agreed sentence and ordered Hutton to

---

[1] CONST. art. I, § 14; U.S. CONST. amend. VIII.

pay the then-mandatory $500 VPA. Hutton's conviction was affirmed on direct appeal in 2018.[2]

In 2021, the Washington Supreme Court held in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021), that the former simple drug possession statute, RCW 69.50.4013, was unconstitutional. Hutton had a prior conviction under RCW 69.50.4013 that was used in calculating his offender score and standard sentence range; therefore, based on Blake, he successfully moved for resentencing pursuant to CrR 7.8. Based on a revised offender score of 4, his standard sentencing range changed from 312-416 to 281-374. During the resentencing hearing in April 2022, in keeping with the original plea agreement, the court imposed the high-end of the standard sentence range, 374 months of confinement. In the new judgment and sentence, the court also re-imposed "all of the other conditions that were previously imposed," including the $500 VPA, except the State noted with regard to the DNA fee, "[i]t has already been collected and paid."

Hutton appealed his new sentence. Initially, Hutton filed a brief arguing the trial court violated the constitutional protections from excessive fines by imposing the VPA without considering Hutton's ability to pay. He requested remand to the trial court to either strike the VPA from the judgment and sentence or to inquire whether Hutton had the ability to pay the VPA. Subsequently, Hutton moved to discharge his assigned appellate counsel and proceed pro se. This court granted the motion and permitted Hutton to file an amended brief of appellant. He did so,

---

[2] State v. Hutton, No. 75548-0-I, (Wash. Ct. App. Jan. 29, 2018) (unpublished) https://www.courts.wa.gov/opinions/pdf/755480.PDF.

again raising the same excessive fines challenge to the VPA. The only substantive difference between the initial brief and his amended brief was his additional request that this court "should remand with instructions that the trial court allow Mr. Hutton to withdraw his plea" or alternatively, "conduct a hearing to determine the validity of his plea."

DISCUSSION

Hutton argues the trial court violated the state and federal constitutions' protections from excessive fines when it imposed the VPA upon him without considering his indigency status. The State contends that this court should remand for waiver of the VPA without reaching the merits of the excessive fines claim.

While the State ultimately concedes that for the sake of judicial economy, this court should remand to strike the VPA, as a threshold issue, the State argues the trial court's resentencing was narrow and limited to the changes necessitated by the change in offender score, so it improperly reconsidered portions of Hutton's judgment and sentence by discussing and re-imposing the VPA. In support, the State points to In re Pers. Restraint of Adams, which held that "once the one-year time limit has run, a petitioner may seek relief only for the defect that renders the judgement not valid on its face. . . . And when that defect is cured, the entry of a corrected judgment does not trigger a new one-year window for judgment provisions that were always valid on their face." 178 Wn.2d 417, 424, 309 P.3d 451 (2013).

The Washington Supreme Court recently addressed the same argument in another appeal of a Blake resentencing in State v. Vasquez, __ Wn.3d __, 560 P.3d 853 (2024). Vasquez argued that at resentencing, the court may consider any sentencing issues raised, while the State argued Vasquez was entitled to only a "narrow" or "limited" resentencing correcting his offender score, not a full resentencing. Id. at 855. The Washington Supreme Court distinguished Adams, which was a collateral attack to Adams's convictions, and held that the scope of resentencing after the grant of a CrR 7.8 motion differs from the scope of resentencing following a collateral attack. Id. at 856. The decision of the superior court to grant a CrR 7.8 motion and conduct a resentencing operates "to vacate the previous sentence and create a new sentence and thus a new appealable decision." Id. Likewise, here, upon granting Hutton's CrR 7.8 motion, the court vacated the previous sentence, and at resentencing, the court had discretion to impose a new sentence, including conditions, all of which Hutton could appeal, including the VPA. Id.

Though on appeal Hutton may raise a constitutional challenge to the imposition of the VPA, we need not reach the issue, as we can resolve the issue on another basis. See Stout v. Felix, 198 Wn.2d 180, 184, 493 P.3d 1170 (2021) ("We will not reach a constitutional issue 'unless absolutely necessary to the determination of the case.' ") (quoting State v. Hall, 95 Wn.2d 536, 539, 627 P.2d 101 (1981)). After Hutton's resentencing, the Legislature removed the mandatory VPA for indigent defendants. LAWS OF 2023, ch. 449, § 1 (effective July 1, 2023), codified at RCW 7.68.035(4), (5). This amendment, which prohibits the

imposition of the VPA on indigent defendants, applies to pending appeals. State v. Schultz, 31 Wn. App. 2d 235, 254-55, 548 P.3d 559 (2024); State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). The State concedes remand to strike the VPA is appropriate. We accept the concession. Because the court found Hutton to be indigent, we remand to strike the VPA from Hutton's judgment and sentence.

In his amended brief, filed pro se, Hutton also appears to challenge his guilty plea. He challenged the voluntariness of his plea on direct appeal, and we held his guilty plea was not involuntary, as the court misinformed him about only a collateral consequence of his plea and it properly informed him of the statutory maximum in addition to the maximum applicable term. State v. Hutton, No. 75548-0-I, slip op. at 1 (Wash. Ct. App. Jan. 29, 2018) (unpublished) https://www.courts.wa.gov/opinions/pdf/755480.PDF. Subsequent to the decision on direct appeal, in January 2019, Hutton filed a CrR 4.2 motion to withdraw his guilty plea. According to his resentencing memorandum, he decided not to pursue the motion and agreed to proceed to resentencing.

In this appeal, Hutton's only mention of his guilty plea is in the conclusion to his amended brief, where he requests remand to allow him either to withdraw his plea or with instructions to the trial court to "conduct a hearing to determine the validity of his plea." However, Hutton's amended brief contains no assignment of error, argument, or authority related to withdrawing his guilty plea. " 'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.' " See Samra v. Singh, 15 Wn. App. 2d 823, 836, 479

P.3d 713 (2020) (quoting <u>Palmer v. Jensen</u>, 81 Wn. App. 148, 153, 913 P.2d 413 (1996)). Accordingly, we decline to address any challenge to Hutton's guilty plea.

CONCLUSION

We remand to strike the VPA from Hutton's judgment and sentence.

_Chung, J._

WE CONCUR:

_Coburn, J._          _Mann, J._