FILED
6/16/2025
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| SILVER GLEN, a Washington Nonprofit Corporation, | No. 87411-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WILLIAM KNEDLIK, an unmarried individual, and VIRGIL KNEDLIK, lienholder, | |
| Appellants. | |

MANN, J. — William Knedlik appeals the superior court's order denying his motion to vacate a default judgment. We affirm.

I

William Knedlik was a member of Silver Glen, a nonprofit cooperative housing project. Virgil Knedlik is William Knedlik's brother and was a lienholder on the property.[1] On August 18, 2023, Silver Glen issued a notice of default to the Knedliks for failure to pay monthly charges. The notice of default provided a cure period of 60 days. The Knedliks did not cure the default within 60 days. Subsequently, on November 13, 2023, Silver Glen issued a notice of ejectment proceedings to the Knedliks.

---

[1] We refer to William Knedlik as Knedlik and the brothers collectively as the Knedliks.

In January 2024, Silver Glen filed a complaint for ejectment against the Knedliks. The Knedliks were personally served on February 13, 2024, and February 14, 2024 respectively. Knedlik filed a notice of appearance on March 4, 2024. Virgil Knedlik filed a notice of appearance on March 5, 2024.

On May 1, 2024, an attorney for Silver Glen met with the Knedliks and stated that unless an answer was filed shortly, Silver Glen would move for default. At Knedlik's request, the attorney met with Knedlik again on May 8, 2024, and informed him that Silver Glen would move for default judgment if no answer was filed by May 13, 2024. After no answer was filed, Silver Glen moved for an order of default and order for writ of ejectment.

On May 30, 2024, the superior court entered an order of default. The court also entered a writ of ejectment. Knedlik voluntarily surrendered the unit on June 16, 2024.

On June 10, 2024, the Knedliks moved for reconsideration, vacation of the default order, stay of enforcement by county sheriff, consolidation with a different action, and leave to file a CR 12(b)(6) motion. The superior court denied the Knedliks' motion in its entirety.

Knedlik alone appeals.

II

Knedlik argues the trial court erred when it denied to vacate the order for default judgment. We disagree.[2]

---

[2] In his appellate brief Knedlik sets out several arguments, claims, and facts that are irrelevant to the merits of the case. The issue properly before this court is whether the trial court erred in denying the motion to vacate the default order.

We review a trial court's ruling on a motion to vacate a default judgment for abuse of discretion. Little v. King, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. Rush v. Blackburn, 190 Wn. App. 945, 956, 361 P.3d 217 (2015). The party seeking to vacate a default judgment under CR 60(b)(1) must establish:

> That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968).

Further, "an appeal from a denial of a CR 60(b) motion is limited to the propriety of the denial not the impropriety of the underlying judgment." Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). Lastly, because a CR 60(b) motion "is addressed to the [trial court's] sound discretion," we do not address arguments not made before the trial court. Jones v. City of Seattle, 179 Wn.2d 322, 338, 314 P.3d 380 (2013).

Knedlik asserts that the default order should be vacated because Silver Glen engaged in misconduct and did not cooperate in Knedlik's request to consolidate related cases "which caused inadvertence, surprise, excusable neglect." We disagree.

First, Knedlik fails to show how alleged misconduct by Silver Glen caused Knedlik to fail to timely answer the complaint. Moreover, any misconduct by Silver Glen while Knedlik lived at the property has no bearing on the entry of default judgment.

Second, Silver Glen met twice with Knedlik and informed him that it would move for default judgment if he did not file an answer. Knedlik moved to reconsider and vacate the default order more than three months after Silver Glen filed the complaint—well beyond the required 20 days. Knedlik also does not present any legal authority to support his contention that he was entitled to vacation of the default order because he wanted to consolidate another case with the ejectment proceedings. Knedlik cannot show that failure to answer the complaint was because of a mistake, inadvertence, or excusable neglect.

Finally, to the extent that Knedlik asserts that the superior court did not have jurisdiction over the case beyond 60 days after Silver Glen filed its complaint because of the civil cover sheet, we disagree. Knedlik provides no authority that the cover sheet explaining the case should be completed within 60 days divests jurisdiction or disallows a default judgment. See Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

As a result, the trial court did not abuse its discretion in denying the motion to vacate.

III

Silver Glen requests attorney fees under RAP 18.1 based on Article 19 of the occupancy agreement. The occupancy agreement provides:

Cost in case of default. If the Member defaults in making a payment of Monthly Housing Charges or late charges, penalties or fines; or in the performance or observance of any provision of this Agreement; and the Corporation has obtained the services of an attorney with respect to such default; the Member covenants and agrees to pay to the Corporation any

-4-

costs or fees, including reasonable attorneys' fees, regardless of whether a suit has been instituted.  In case a suit is instituted, the Member shall also pay the costs of the suit, including reasonable attorney's fees, in addition to other aforesaid costs and fees.[3]

Because Silver Glen complied with RAP 18.1, prevailed on appeal, and the terms of the agreement entitle it to an award of attorney fees, we grant its request for attorney fees on appeal.

We affirm.[4]

_____
Mann, J.


WE CONCUR:

_____          _____
Birk, J.                          Chung, J.

---

[3] The occupancy agreement is not in the record but Silver Glen asks this court to take judicial notice of the document because it is recorded and publicly available.  We may take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  ER 201(b).  Because the occupancy agreement is recorded with King County and readily available and we received no objection, we take judicial notice of the occupancy agreement.

[4] Knedlik also moves under RAP 10.4(d) to "stop conversion and further waste."  RAP 10.4 provides that "[a] party may include in a brief only a motion, if granted, would preclude hearing the case on the merits."  Because this issue would not preclude hearing the case on the merits, we deny his motion.